**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BEAU STEPHAN, GEORGE STRAY, LEONARD KIRSCHLING, GEORGE PHIRIPES, RHONDA HABELL, CAMERON BASS and STEPHEN BUBNIAK, individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRADER JOE'S COMPANY, THE BOARD OF DIRECTORS OF TRADER JOE'S COMPANY, THE INVESTMENT COMMITTEE and JOHN DOES 1-30,<br>*Defendants*. | No. 1:25-cv-10212-WGY |

**DECLARATION OF CATALINA J. VERGARA IN SUPPORT OF DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

I, Catalina J. Vergara, Esq., declare and state as follows:

1. I am an attorney licensed to practice in the State of California. I am a partner at O'Melveny & Myers LLP ("O'Melveny"), counsel for Defendants Trader Joe's Company, the Board of Directors of Trader Joe's ("Board"), the Investment Committee ("Committee"), and John Does 1-30 (collectively, "Trader Joe's" or "Defendants"). I submit this declaration in support of Defendants' Motion for an Award of Attorney's Fees and Costs. I have personal knowledge of the following facts and, if called and sworn as a witness, I could and would testify to them.

2. Defendants retained O'Melveny to defend them against Plaintiffs' putative class action alleging that the Committee breached its fiduciary duties under ERISA in administering the Trader Joe's Company Retirement Plan. O'Melveny has represented Defendants continuously since that time, through the pleadings, class certification, discovery, summary judgment, a six-day bench trial, and post-trial briefing. I have been the partner responsible for supervising the defense of this matter throughout O'Melveny's engagement.

3. At the outset of the case, O'Melveny analyzed Plaintiffs' complaint, the governing Plan Documents, and the Plan's recordkeeping, forfeiture, and investment-monitoring history. O'Melveny prepared a motion to transfer venue and a motion to dismiss addressing each of Plaintiffs' theories of liability. O'Melveny also negotiated the case schedule, a protective order, and other case-management submissions with Plaintiffs' counsel.

4. O'Melveny vigorously defended Trader Joe's throughout fact and expert discovery. That work included serving and responding to written discovery, collecting and producing fiduciary-record materials and custodians' emails, taking depositions of the named plaintiffs, defending Trader Joe's witnesses, and defending and taking expert depositions. O'Melveny also worked with Defendants' experts, Dr. Heavner and Mr. Gissiner, who rebutted the opinions offered by Plaintiffs' experts, Dr. Pomerantz and Mr. Dyson.

5. Following discovery, O'Melveny prepared Defendants' motion for summary judgment and statement of undisputed material facts, along with motions to exclude the testimony of Dr. Pomerantz and Mr. Dyson. O'Melveny also prepared reply briefs in support of each motion and argued them before the Court.

6. O'Melveny then prepared for and tried this case in a six-day bench trial. Trial preparation included preparing the pretrial memorandum, stipulated facts, exhibit and witness lists,

as well as preparing fact and expert witnesses to testify. At trial, O'Melveny examined fact and expert witnesses and, at the close of Plaintiffs' case, successfully moved for judgment on partial findings on Plaintiffs' forfeiture claim.

7. After trial, O'Melveny analyzed the trial record and prepared Defendants' proposed findings of fact and conclusions of law and post-trial brief. The Court relied on that record in its September 28, 2026 ruling.

8. O'Melveny is an international law firm with more than 750 lawyers. O'Melveny is recognized as a leader in handling complex litigation. For example, in 2025, O'Melveny was named to Law.com's "A-List" for the 14th consecutive year. *See* O'Melveny & Myers LLP, *Law.com: The 2025 A-List: Top 20 Firms*, https://www.omm.com/news/awards-honors/lawcom-the-2025-a-list-top-20-firms (last accessed Nov. 2, 2026). Attached as **Exhibit A** is a true and correct copy of O'Melveny's August 13, 2025 press release on that topic. O'Melveny is frequently ranked a top firm in The American Lawyer's "Litigation Department of the Year" contests. *See* O'Melveny & Myers LLP, *O'Melveny Named Runner-Up in American Lawyer's National Litigation Department of the Year Competition* (Jan. 6, 2020), https://www.omm.com/news/awards-honors/o-melveny-named-runner-up-in-american-lawyer-s-national-litigation-department-of-the-year-competition (last accessed Nov. 2, 2026). Attached as **Exhibit B** is a true and correct copy of O'Melveny's January 6, 2020 press release on that topic. In The American Lawyer's 2026 Am Law 100, O'Melveny ranked #57 in gross revenue and #40 in revenue per lawyer. *See* O'Melveny & Myers LLP, *The American Lawyer: The 2026 Am Law 100*, https://www.omm.com/news/awards-honors/the-american-lawyer-the-2026-am-law-100 (last accessed Nov. 2, 2026). Attached as **Exhibit C** is a true and correct copy of O'Melveny's April 14, 2026 press release on that topic. In 2025, O'Melveny ranked #55 in gross revenue and

#40 in revenue per lawyer in The American Lawyer's 2025 Am Law 100. *See* O'Melveny & Myers LLP, *The American Lawyer: The 2025 Am Law 100* (Apr. 15, 2025), https://www.omm.com/news/awards-honors/the-american-lawyer-the-2025-am-law-100 (last accessed Nov. 2, 2026). Attached **as Exhibit D** is a true and correct copy of O'Melveny's April 15, 2025 press release on that topic.

9. Chambers USA recognizes O'Melveny as a leading law firm year after year, and ranked the firm in 59 practice areas in its most recent edition of Chambers USA: America's Leading Lawyers for Business. *See* Chambers and Partners, *O'Melveny & Myers LLP, USA 2026*, https://chambers.com/law-firm/omelvenvy-myers-llp-usa-5:3691 (last accessed Nov. 2, 2026); O'Melveny & Myers LLP, *O'Melveny Earns Top Rankings in Chambers USA 2026* (June 4, 2026), https://www.omm.com/news/awards-honors/o-melveny-earns-top-rankings-in-chambers-usa-2026 (last accessed Nov. 2, 2026). Attached as **Exhibit E** is a true and correct copy of Chambers and Partners, *O'Melveny & Myers LLP, USA 2026*, and attached as **Exhibit F** is a true and correct copy of O'Melveny's June 4, 2026 press release on that topic.

10. For ERISA specifically, Chambers USA has ranked O'Melveny's ERISA Litigation practice for 21 years and currently places it in Band 1, its highest tier, describing the firm as having "a team of well-respected litigators covering the full spectrum of ERISA-related issues" with "significant trial capabilities." Those surveyed by Chambers describe the O'Melveny team as "a leader in the space" that "thinks through every possible issue so that the strongest and most strategic arguments can be made." *See* Chambers and Partners, *O'Melveny & Myers LLP, ERISA Litigation Chambers USA Profile*, https://chambers.com/department/omelveny-myers-llp-erisa-litigation-usa-5:635:12788:1:3691 (last accessed Nov. 2, 2026). Attached as **Exhibit G** is a

true and correct copy of the Chambers and Partners USA ranking of O'Melveny's ERISA Litigation practice.

11. The following table identifies each O'Melveny timekeeper for whom Defendants seek fees, together with their title, bar admission and years of experience, ERISA and trial experience, role in this case,[1] and the hourly rates that O'Melveny was actually paid for the excerpts of time records submitted herewith:

| Timekeeper | Title | Bar Admission / Years of Experience | ERISA and Trial Experience | Role in This Case | Hourly Rate Paid |
|---|---|---|---|---|---|
| Catalina J. Vergara | Partner | California, 2002; 24 years of experience, including federal clerkship | Catalina Vergara has extensive trial experience, particularly in ERISA. She regularly represents retirement plan sponsors and service providers in class actions brought by plan participants alleging the plans' fiduciaries breached their fiduciary duties in selecting and monitoring 401(k) plan investment options, or in causing the plans to pay excessive fees. | Ms. Vergara served as lead trial counsel. She supervised the defense, took and defended key depositions, including the 30(b)(6) deposition, largely handled expert strategy, delivered the opening statement and closing argument, and examined multiple witnesses at trial. | $1,195 |
| Deanna M. Rice | Partner | Washington D.C., 2010; New York, 2010; 16 years of experience, including First | Deanna Rice is an experienced litigator who focuses her practice on appeals and complex civil litigation, including | Ms. Rice second-chaired the trial. She worked on summary judgment and Daubert briefing, trial preparation, the | $1,195 |

[1] The descriptions in the "Role in This Case" column are illustrative only and are not intended to capture each timekeeper's full contributions to this matter, which are reflected in the excerpts of time records attached as Exhibit K.

| Timekeeper | Title | Bar Admission / Years of Experience | ERISA and Trial Experience | Role in This Case | Hourly Rate Paid |
|---|---|---|---|---|---|
| | | Circuit clerkship | ERISA matters. Ms. Rice has argued before the United States Supreme Court and Court of Appeals for the Sixth Circuit and has authored appellate briefs on a wide range of subjects, including ERISA. She also has substantial experience at all stages of trial-court litigation, including briefing dispositive motions, coordinating discovery, and shaping trial strategy. | examination of Plaintiffs' expert Mr. Dyson, the direct examination of expert Steve Gissiner, and post-trial briefing. | |
| Gregory Comeau (BBO #661505) | Special Counsel | Massachusetts, 2004; Washington D.C., 2022; New Hampshire, 2023; 22 years of experience | Gregory Comeau is a litigator with over twenty years of experience representing clients in complex ERISA matters. Prior to joining O'Melveny, Mr. Comeau spent more than a decade embedded with the in-house litigation team of a large financial services company, focusing on ERISA matters. | Mr. Comeau served as an O'Melveny attorney and brought his District of Massachusetts expertise to also serve as local counsel. Beyond reviewing materials with a specific eye to this District, he worked on expert reports, cross-examination outlines, motions to exclude, trial, and the proposed findings of fact and conclusions of law. | $895 |
| William D. Pollak | Counsel | New York, 2009; California, 2013; 17 years of experience | William D. Pollak concentrates his practice on ERISA class action litigation and, as a member of O'Melveny's award- | Mr. Pollak served as trial counsel, joining the matter in April 2026. He prepared Dr. Heavner for trial, examined Dr. | $895 |

| Timekeeper | Title | Bar Admission / Years of Experience | ERISA and Trial Experience | Role in This Case | Hourly Rate Paid |
|---|---|---|---|---|---|
| | | | winning ERISA litigation group, has spent much of his career defending many of the nation's largest retirement plans and most prominent service providers against fiduciary breach claims and other alleged violations of ERISA at all stages of litigation. Mr. Pollak has achieved favorable results at all stages of litigation and has substantial trial experience. | Pomerantz and took on other trial-focused tasks. | |
| Noah Ickowitz | Counsel | California, 2017; 9 years of experience, including federal clerkship | Noah Ickowitz focuses his practice on complex civil litigation and has regularly defended companies in ERISA litigation, including in fiduciary-breach cases. He also has experience at both trial and arbitration. Mr. Ickowitz worked on all three fiduciary-breach cases involving Trader Joe's, including this case, *Marks v. Trader Joe's Co.*, and *Kong v. Trader Joe's Co.* | Mr. Ickowitz assisted with the day-to-day management of the case. He also prepared witnesses for depositions, including the 30(b)(6) deposition and Steve Gissiner deposition, supervised fact discovery and productions, drafted the order of proof, drafted trial examination outlines, drafted the motion to exclude Mr. Dyson, and drafted portions of the proposed findings and conclusions of law. Because he was on all three Trader Joe's fiduciary-breach | $895 |

| Timekeeper | Title | Bar Admission / Years of Experience | ERISA and Trial Experience | Role in This Case | Hourly Rate Paid |
|---|---|---|---|---|---|
| | | | | cases from the beginning, he brought his prior knowledge to the tasks in this case. | |
| Evan Hindman | Counsel | Washington, 2020; California, 2021; six years of experience, including federal clerkship | Evan Hindman was a litigation counsel in O'Melveny's San Francisco office. Evan joined O'Melveny after having clerked for the Ninth Circuit Court of Appeals. Mr. Hindman has extensive experience, particularly in briefing and appeals. Mr. Hindman also participated in the *Kong v. Trader Joe's Co.* matter. | Mr. Hindman largely focused on briefing: He drafted the Rule 52(c) motion, and drafted most of the post-trial brief. He also worked on the answer, written discovery and document collection, and assisted with fact witness and expert work. He also assisted with and took named plaintiffs depositions. | $895 |
| Yasmin Moreno | Associate | California, 2023; three years of experience | Ms. Moreno was a litigation associate in O'Melveny's Los Angeles office. She worked on multiple ERISA matters and her litigation skills ranged from working on depositions, legal research and writing, and document review. | Ms. Moreno reviewed documents for purposes of productions and depositions, assisted with and took named plaintiffs depositions, drafted the trial exhibit list, and drafted parts of the proposed findings of fact and conclusions of law, among other tasks. | $625 |
| Erol H. Yundem | Staff Attorney | Washington D.C., 2007; New York, 2007; 19 years of experience | Erol Yundem is a staff attorney in O'Melveny's Washington, D.C. office and a member of the litigation department. His | Mr. Yundem conducted extensive document review and worked on the privilege log. | $625 |

| Timekeeper | Title | Bar Admission / Years of Experience | ERISA and Trial Experience | Role in This Case | Hourly Rate Paid |
|---|---|---|---|---|---|
| | | | practice focuses on all aspects of electronic discovery, including responsiveness and privilege reviews and fact development in ERISA matters. | | |
| Stephen Kemp | Paralegal | 30+ years of experience as paralegal | Stephen Kemp is a paralegal in O'Melveny's litigation department with more than 30 years of experience supporting complex litigation. He has experience on ERISA matters, including managing case files, discovery materials, trial exhibits, and coordinating trial logistics. | Mr. Kemp compiled trial exhibits and assisted with the preparation of trial materials, cite checked briefs, and helped finalize court filings. | $360 |

12. The rates Trader Joe's seeks are in line with prevailing market rates for large-firm attorneys in Boston and nationally. Attached as **Exhibit H** is a true and correct copy of Brightflag's *Hourly Rates in Am Law 100 Firms: Increases and Key Drivers* (2025 ed.), https://4713142.fs1.hubspotusercontent-na1.net/hubfs/4713142/Q4%202025%20Rates%20Report.pdf (last accessed Nov. 2, 2026). Brightflag, a legal spend-management company, issued this report and analyzed rates invoiced to clients by Am Law 100 firms. Its 2025 report found that partners in Boston billed an average of $1,347 per hour in the first half of 2025. Ex. H at PDF pg. 10. O'Melveny was paid $1,195 per hour for partner time, more than 10% below the Boston average. *Id.* Nationally, associates in

Brightflag's report billed an average of $620 to $1,065 per hour, depending on AmLaw firm ranking. Ex. H at PDF pg. 8. O'Melveny's $625 associate and staff-attorney rate and the $895 counsel rate here fall around the prevailing national market rates for associates, given O'Melveny's AmLaw ranking close to the #50 mark.[2] *Id.* And finally, the Brightflag survey found that non-attorney timekeepers nationally billed an average of $350 to $450 per hour, encompassing O'Melveny's $360 paralegal rate here. *Supra* ¶ 11; Ex. H at PDF pg. 8. Brightflag has released information for 2026 that shows Am Law 100 firms' rates appear higher than in 2025: for example, the blended hourly rate among Am Law 100 firms rose 8.1% to $1,248 per hour in 2026. *See* Brightflag, *Law Firm Billing Rates Report: Trends & Drivers within the Am Law 100*, https://brightflag.com/asset/law-firm-rates-report (last accessed Nov. 2, 2026). Attached as **Exhibit I** is a true and correct copy of that information.

13. Courts have found O'Melveny's rates, and rates comparable to those requested here, to be reasonable. Most recently, in *WhatsApp Inc. v. NSO Group Technologies Ltd.*, the court awarded fees, including for O'Melveny's work at its hourly rates. 2026 WL 252575, at *3 (N.D. Cal. Jan. 30, 2026) (awarding fees using O'Melveny's rates of $900 to $1,400, and finding those rates "lower than prevailing rates in this district").[3] In *Open Source Security, Inc. v. Perens*, for

---

[2] O'Melveny ranked #55 in gross revenue in The American Lawyer's 2025 Am Law 100 and #57 in the 2026 Am Law 100, placing it near the boundary between Brightflag's 26-50 and 51-75 firm bands rather than squarely within the 51-75 band; O'Melveny also ranked #40 in revenue per lawyer in both years. Exs. C-D, H. The 26-50 band therefore remains a more useful comparison for O'Melveny's rates. In addition, Brightflag reports rates only for partners, associates, and other timekeepers, without a separate "counsel" level category. Its associate averages, which include junior associates, likely understate the market rate for O'Melveny's counsel-level attorneys, who are comparable to more senior associates.

[3] The specific rates in *WhatsApp* were not noted in the order itself but were in the documents submitted along with the fee motion. *See WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, No. 4:19-cv-07123-PJH (N.D. Cal. Nov. 26, 2025), Dkt. 816 at 19 ("For work that O'Melveny billed to Plaintiffs on an hourly rate, they charged between $900 and $1400 per hour.").

example, the court held that O'Melveny's 2017 rates—which were $880 and $995 per hour for partners and $450 and $535 per hour for associates—were "consistent with prevailing rates in the community by comparable lawyers doing similar work," noting that they were at or below the median for lawyers of comparable experience doing comparable work. 2018 WL 2762637, at *3 (N.D. Cal. June 9, 2018) (exhibit to that decision lists O'Melveny's rates), *aff'd*, 803 F. App'x 73 (9th Cir. 2020). Using the Bureau of Labor and Statistics' CPI Inflation Calculator, $450 per hour for the lower-range of the associates at the time of the *Perens* decision is around $598 per hour as of August 2026, adjusted for inflation. And the $880 per hour for the lower-range of the partners is around $1,170 per hour as of August 2026, adjusted for inflation. *See* U.S. Bureau of Labor Statistics, *CPI Inflation Calculator*, https://www.bls.gov/data/inflation_calculator.htm (last accessed Nov. 2, 2026).

14. And in this District, the court in *Arkansas Teacher Retirement System v. State Street Bank & Trust Co.* accepted the special master's finding that partner rates ranging from $535 to $1,000 per hour were reasonable in complex class-action litigation involving ERISA claims. 512 F. Supp. 3d 196, 233, 262 (D. Mass. 2020). Using the Bureau of Labor and Statistics' CPI Inflation Calculator, the $535 to $1000 rates found to be reasonable in Arkansas in February 2020 amount to $693 to $1,295 per hour, respectively, as of August 2026 adjusted for inflation. *See* U.S. Bureau of Labor Statistics, *CPI Inflation Calculator*, https://www.bls.gov/data/inflation_calculator.htm (last accessed Nov. 2, 2026).

15. Courts have also accepted O'Melveny paralegal rates. In *Sugarman v. Benett*, the court considered O'Melveny's requested rates for Mr. Kemp of $320 to $340 per hour, finding them in line with rates for similarly experienced professionals. No. 19STCV36697, Minute Order

at 8-9 (Cal. Super. Ct. L.A. Cnty. Nov. 10, 2022). Attached as **Exhibit J** is a true and correct copy of the November 10, 2022 Minute Order in *Sugarman v. Benett*.

16. Attached as **Exhibit K** are true and accurate copies of excerpts of contemporaneous time entries kept in the ordinary course of business[4] listed out by date, name, job title, time, rate, total fee billed, and description. The excerpts span from April 9, 2025 through July 2, 2026 and cover work performed by O'Melveny's partners, counsel, associates, staff attorney, and paralegal during the course of litigation. Defendants have attempted to exclude time entries pertaining to the motion to dismiss, motion to transfer, and motion for summary judgment, time entries tied exclusively to Plaintiffs' recordkeeping claim, and time billed by O'Melveny's litigation technology and practice support staff. Trader Joe's has also attempted to exclude time spent for: travel, having more than two attorneys at meetings or witness prep sessions, attorneys attending trial who did not have speaking roles, and having more than one attorney defending depositions. Trader Joe's included the second-chair attorneys' time for affirmative depositions because those attorneys were needed to assist with documents and keeping track of topics and remaining questions as the first-chair attorney examined the witnesses.

17. The following table sets forth, for each O'Melveny timekeeper identified above, the number of hours, the hourly rate, and the total fees for the excerpts Trader Joe's submits in Exhibit K:

| Timekeeper | Title | Hours | Hourly Rate | Total Fees |
|---|---|---|---|---|
| Catalina J. Vergara | Partner | 419.9 | $1,195 | $501,781 |
| Deanna M. Rice | Partner | 262 | $1,195 | $313,090 |
| Gregory Comeau | Special Counsel | 329.9 | $895 | $295,261 |

[4] These only include the excerpts of time entries Defendants are requesting in the fee motion, rather than time that Defendants have excluded from this request.

| Timekeeper | Title | Hours | Hourly Rate | Total Fees |
|---|---|---|---|---|
| William D. Pollak | Counsel | 213.4 | $895 | $190,993 |
| Noah Ickowitz | Counsel | 724.3 | $895 | $648,249 |
| Evan Hindman | Counsel | 469.8 | $895 | $420,471 |
| Yasmin Moreno | Associate | 613 | $625 | $383,125 |
| Erol H. Yundem | Staff Attorney | 120.4 | $625 | $75,250 |
| Stephen Kemp | Paralegal | 99.8 | $360 | $35,928 |
| **TOTAL** | | 3,252.5 | | **$2,864,147** |

18. Defendants seek the full fees for certain entries and two-thirds value for other entries. As to the first bucket, Defendants seek the full amount for time entries devoted exclusively to Plaintiffs' forfeiture or investment-performance theories, including discovery time related to Dr. Pomerantz and Dr. Heavner, whose work applied almost entirely to Plaintiffs' investment-performance theory. As to the second bucket, for time common to all three theories, including general fact and expert discovery, general litigation and motion practice, trial preparation, trial, and post-trial briefing, Defendants seek two-thirds of the time, reflecting their success on two of Plaintiffs' three theories. Exhibit K identifies whether each entry is requested in full or at two-thirds value.

19. Applying that methodology here: Trader Joe's requests **$2,024,817**[5] in fees if the Court decides to apportion common time at two-thirds value and tasks exclusively related to investment performance and forfeitures at full value. Of the 3,252.5 hours requested, 380.7 hours are requested in full (amounting to $346,157) and 2,871.8 hours are requested at two-thirds value ($2,517,989 in full, reduced to $1,678,659 at two-thirds value). If, however, the Court decides not

[5] Each total figure is rounded to the nearest dollar and reflects the sum of the unrounded, individual amounts in Exhibit K.

to apportion time as to Plaintiffs' fee request to reflect their loss on two-thirds of their theories, then Trader Joe's requests the full value of the fees in Exhibit K, amounting to **$2,864,147**.

20. Associates, counsel, the staff attorney, and the paralegal billed approximately 79% of the requested hours. Partners billed the remaining 21% of the requested hours. Where possible, associates and mid-level counsel prepared first drafts and reviewed documents and case law, while partners and a senior counsel generally handled trial examinations, first-chairing expert depositions, and revisions to briefs. O'Melveny also utilized paralegals and support staff, as needed.

21. **Exhibit L** contains true and correct copies of invoices for certain deposition services in the case, in chronological order. This exhibit only contains such services for deponents who ultimately testified at trial. The requested amounts are as follows from each invoice and follows the same apportionment principles outlined above:[6]

| Deponent | Invoice Date | Invoice No. | Requested Cost Entries | Invoiced Amount | Proposed Apportionment | Amount Applying Proposed Apportionment |
|---|---|---|---|---|---|---|
| Beau Stephan | 9/16/2025 | 8637863 | Transcript Services - Original Transcript(s) ($1,149.45); Attendance - Full Day ($270.00) | $1,419.45 | Partial - 2/3 | $946.30 |
| Stephen Bubniak | 9/29/2025 | 8671606 | Transcript Services - Original Transcript(s) ($1,052.45); Attendance - | $1,322.45 | Partial - 2/3 | $881.63 |

[6] Trader Joe's excludes line items in the invoices that are not reflected in the table above, such as expenses for rough transcripts and expediting of transcripts.

| Deponent | Invoice Date | Invoice No. | Requested Cost Entries | Invoiced Amount | Proposed Apportionment | Amount Applying Proposed Apportionment |
|---|---|---|---|---|---|---|
| | | | Full Day ($270.00) | | | |
| Mitch Nadler | 10/1/2025 | 8677942 | Transcript Services - Certified Transcript ($1,145.80) | $1,145.80 | Partial - 2/3 | $763.87 |
| Expert Eric Dyson | 1/27/2026 | 8965319 | Transcript Services - Original Transcript(s) ($1,469.55); Attendance - Full Day ($270.00) | $1,739.55 | Partial - 2/3 | $1,159.70 |
| Dr. Steve Pomerantz, Ph.D. | 1/29/2026 | 8974125 | Transcript Services - Original Transcript(s) ($1,193.10); Attendance - Full Day ($270.00) | $1,463.10 | Full | $1,463.10 |
| Steven Gissiner | 2/6/2026 | 8993439 | Transcript Services - Certified Transcript ($1,516.40) | $1,516.40 | Partial - 2/3 | $1,010.93 |
| Dr. Daniel Lee Heavner | 2/16/2026 | 9013878 | Transcript Services - Certified Transcript ($1,145.80) | $1,145.80 | Full | $1,145.80 |
| **Total** | | | | $9,752.55 | | **$7,371.33** |

22. **Exhibit M** is a true and correct copy of the $3,264.80 invoice for transcripts of the trial proceedings in this case. Those transcripts were needed for post-trial submissions.

23. I conferred with Plaintiffs' counsel and Plaintiffs do not consent to the fees Defendants are requesting.

Executed this 10th day of November, 2026 in Los Angeles, California.

By: /s/ *Catalina J. Vergara*

Catalina J. Vergara

**CERTIFICATE OF SERVICE**

I, Catalina J. Vergara, hereby certify that on this 10th day of November, 2026, a true copy of the foregoing was filed through the ECF System, which will be sent electronically, along with all relevant attachments and Exhibits, to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Catalina J. Vergara*
Catalina J. Vergara