# EXHIBIT J

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 36

**19STCV36697**
**STEVEN A. SUGARMAN, et al. vs HALLE BENETT, et al.**

November 10, 2022
8:30 AM

Judge: Honorable Wendy Chang
Judicial Assistant: A. Rodriguez
Courtroom Assistant: A. Aguilar

CSR: Janet Murphy, CSR # 9650
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Erik L. Jackson via LACC; Jeremy E. Deutsch via LACC, and Christian V. Cangiano via LACC

For Defendant(s): Chet Alan Kronenberg and Jonathan Sanders via LACC; Mark Robert McDonald; Daniel Joseph Tully

**NATURE OF PROCEEDINGS:** Case Management Conference; Hearing on Motion for Attorney Fees; Hearing on Motion for Attorney Fees; Hearing on Motion for Attorney Fees;

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Janet Murphy, CSR # 9650, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The matters are called for hearing.

The Court has read and considered the moving papers, opposition and evidence.

The Court gives its oral tentative ruling and hears argument from counsel.

After consideration of all documents filed and oral argument, the Court adopts the tentative as the order of the Court as follows:

**The Motion for Attorneys' Fees and Costs of Defendant J. Francisco A. Turner**

I. Analysis

A. Notice of Motion

The motion, opposition, and reply were timely served and filed. (Code Civ. Proc. § 1005(b).) The supplemental brief and supplemental opposition were timely filed and served in compliance

with the Court's Order of September 6, 2022.

B. Evidentiary Objections

Plaintiffs' evidentiary objections to the Declaration of William K. Pao are ruled on as follows:
Overruled: Nos. 1, 2, 4-7, 9-12.
Sustained: Nos. 3, 8, 13. (Evid. Code § 1200.)

Defendant's evidentiary objections to the Declaration of John S. Pierce are overruled. (See Weller v. American Broadcasting Companies, Inc. (1991) 232 Cal.App.3d 991, 1007–1008 (expert opinion inadmissible under Evidence Code, section 801, only if the subject of inquiry is one of such common knowledge that people of ordinary education could reach a conclusion as well as the witness).) The remaining objections go to the weight, not admissibility, of the declaration.

Plaintiffs' evidentiary objections to the Supplemental Declaration of William K. Pao are overruled.

C. Motion for Attorneys Fees and Costs

Defendants Banc of California, Inc. and Banc of California, N.A. ("Defendant" or "Banc") seek an order granting attorneys' fees of $1,461,362.50, plus $150,000.00 for the instant motion, and costs of $50,502.09. Plaintiffs Steven A. Sugarman and The Steven and Ainslie Sugarman Living Trust ("Plaintiffs") have opposed. Defendants have replied. The parties each submitted supplemental briefs and declarations.

1. Timeliness

California Rules of Court, Rule 3.1702(b)(1) provides in pertinent part:

A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court--including attorney's fees on an appeal before the rendition of judgment in the trial court--must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case . . . .

The deadline is mandatory. (Community Youth Athletic Center v. City of National City (2013) 220 Cal.App.4th 1385, 1444.) California Rules of Court, Rule 8.104(a)(1) provides that a notice of appeal must be filed on or before the earliest of:

(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled “Notice of Entry” of judgment or a filed-endorsed copy of the judgment, showing the date either was served;
(B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled “Notice of Entry” of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or
(C) 180 days after entry of judgment.

The foregoing includes the entry date of an appealable order as of the date it is entered in the permanent minutes. (Cal. Rules of Court, Rule 8.104(c)(2).)

Next, California Rules of Court, Rule 8.278 provides in relevant part:

(c) Procedure for claiming or opposing costs
(1) Within 40 days after issuance of the remittitur, a party claiming costs awarded by a reviewing court must serve and file in the superior court a verified memorandum of costs under rule 3.1700.
(2) A party may serve and file a motion in the superior court to strike or tax costs claimed under (1) in the manner required by rule 3.1700.
(3) An award of costs is enforceable as a money judgment.

California Rules of Court, Rule 3.1702 provides in relevant part:

(c) Attorney's fees on appeal
(1) Time for motion
A notice of motion to claim attorney's fees on appeal-other than the attorney's fees on appeal claimed under (b)-under a statute or contract requiring the court to determine entitlement to the fees, the amount of the fees, or both, must be served and filed within the time for serving and filing the memorandum of costs under rule 8.278(c)(1) in an unlimited civil case or under rule 8.891(c)(1) in a limited civil case.

The Court issued its rulings on several Defendants’ four Special Motions to Strike (anti-SLAPP) on September 1, 2022, and on September 15, 2022, granted several Defendants’ ex parte application to stay proceedings in this action pending resolution of appeals. Defendant Turner originally filed a motion for attorneys’ fees and costs on October 30, 2020, during that stay of proceedings. On November 25, 2020, Defendant Turner filed a joint notice of taking hearings for attorneys’ fees motions off calendar. On April 7, 2022, the Court of Appeal issued its Remittitur on Defendant’s Special Motion to Strike (anti-SLAPP). Defendant then re-noticed this motion on

May 17, 2022. There is no objection to timeliness considering the stay of proceedings or with respect to the appeal. The motion is timely.

2. Costs and Expenses

Defendant Turner seeks $1,833.91 in costs and expenses. Defendant Turner filed a Memorandum of Costs and Memorandum of Costs on Appeal seeking this amount in total on May 17, 2022. Plaintiffs have not objected to the memoranda or to the request for costs in the opposition. The costs are recoverable and reasonable and approved. (Code Civ. Proc., § 1033.5; Cal. Rules of Court, Rule 8.278(d).)

3. Entitlement to Attorneys' Fees

Apart from certain circumstances not here raised, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." (Code Civ. Proc., § 425.16(c)(1).) An award of attorneys' fees for a SLAPP defendant who brings a successful motion to strike is mandatory. (Ketchum v. Moses (2001) 24 Cal.4th 1122, 1131 (Ketchum).) There is no dispute in this motion that Defendant Turner is a prevailing defendant on its Special Motion to Strike, having obtained an Order from the Court of Appeal directing this Court to grant Turner's Special Motion to Strike in its entirety. (See Bel Air Internet, LLC v. Morales (2018) 20 Cal.App.5th 924, 946 (appellants that obtained Court of Appeal order of reversal on denial of Anti-SLAPP motion had "prevailed in full" on their motion and were "prevailing defendant" for purposes of section 425.16, subdivision (c)(1)).) The Court of Appeal ordered that all appealing Defendants are to recover their costs on appeal.

Next, Defendant may carry its burden to establish its entitlement to attorney fees by submitting a declaration from counsel instead of billing records or invoices. (Lunada Biomedical v. Nunez (2014) 230 Cal.App.4th 459, 487-88 (Lunada Biomedical); Raining Data Corp. v. Barrenechea (2009) 175 Cal.App.4th 1363, 1375-76.) With the moving papers, Defendant provided a breakdown of counsel's work in the trial court before appeal (Pao Decl. ¶ 22(a)-(c)); on appeal (id. ¶ 22(d)-(f)); and in this fee motion (id. ¶ 22(g)). The original declaration broke down counsel's work into primary activities that are then broken down into more detail. (See id.) Pursuant to the Court's Order of September 6, 2022, Defendant has provided a further breakdown of hours which breaks down each category into hours incurred for case strategy, research and analysis, and drafting and revision. (See Second Supp. Pao Decl. ¶¶ 3-17; id., Exh. 1.) This evidence is sufficient for purposes of the instant motion without Defendant filing its actual billing records.

The question is thus whether the fees Defendant seeks in this motion are reasonable. (See Lunada Biomedical, 230 Cal.App.4th at 486.)

4. Reasonableness of Attorneys' Fees

"The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel, and the amount of time involved." (Russell v. Foglio (2008) 160 Cal.App.4th 653, 661 (quoting Wilkerson v. Sullivan (2002) 99 Cal.App.4th 443, 448).) "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." (Ketchum, 24 Cal.4th at 1138.)

Defendant Turner as the moving party bears the burden of proof on any claim not based upon the court's established attorney fee schedule (Code Civ. Proc., § 1033.5(c)(5)) and bears the burden to establish the reasonableness of fees sought (Lunada Biomedical, 230 Cal.App.4th at 486).

Defendant seeks attorneys' fees under the lodestar method with no adjustment. In general, "a court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case.' " (Ketchum, 4 Cal.4th at 1131-32.) The lodestar figure is considered to be "presumptively reasonable". (See Harman v. City and County of San Francisco (2007) 158 Cal.App.4th 407, 416.)

i. Reasonableness of Hours Requested

Defendant seeks compensation for the following hours of attorney work:

O'Melveny & Myers LLP
Task Hours Reference
Anti-SLAPP Motion 163.9 Pao Decl. ¶ 22(a); Second Supp. Pao Decl. ¶ 11(a).
Anti-SLAPP Reply 238 Pao Decl. ¶ 22(b); Second Supp. Pao Decl. ¶ 11(b).
Anti-SLAPP Hearing 129.4 Pao Decl. ¶ 22(c); Second Supp. Pao Decl. ¶ 11(c).
Anti-SLAPP Appeal Opening 289.2 Pao Decl. ¶ 22(d); Second Supp. Pao Decl. ¶ 11(d).
Anti-SLAPP Appeal Reply 143 Pao Decl. ¶ 22(e); Second Supp. Pao Decl. ¶ 11(e).
Anti-SLAPP Appeal Oral Argument 100.7 Pao Decl. ¶ 22(f); Second Supp. Pao Decl. ¶ 11(f).
Anti-SLAPP Fee Motion (through April 30, 2022) 162.4 Pao Decl. ¶ 22(g); Second Supp. Pao Decl. ¶ 11(a), 12.

Anti-SLAPP Fee Motion (after May 1, 2022) 94.5; but seeking $13,598, reflecting reduction of $81,914.50 Supp. Pao Decl. ¶ 7; Second Supp. Pao Decl. ¶¶ 13-16.

Defendant has provided evidence that the foregoing hours are those actually billed, which Banc seeks to recover. (See Pao Decl. ¶¶ 22, 23, Supp. Pao Decl. ¶ 7.)

The Court addresses Plaintiffs' objections in the opposition and supplemental opposition.

Defendant may recover fees for time spent on the Anti-SLAPP motion where research applied both to the Anti-SLAPP motion and concurrently-filed demurrer; and Defendant has provided testimony that he does not seek fees in connection with the demurrer, and 227 hours were excluded from billing entries that referenced the demurrer, even when such work was relevant to the Anti-SLAPP motion. (Pao Decl. ¶ 30.) Thus, there are not grounds to order billing records regarding hours related to the concurrent demurrer.

The Court does not agree that there are clear inefficiencies and duplication of work on grounds that Banc seeks fees for four attorneys. The cases that Plaintiffs cite for this proposition do not relate to cases where four attorneys worked on the team, and this was a large and complex action in which Mr. Turner was named in six causes of action. Defendant has also provided support that the four-person team engaged practices of assigning tasks to the person with the lowest hourly rate practicable. (See Pao Decl. ¶ 34.)

The Court considers, but does not defer to, the declaration and supplemental declaration of John S. Pierce as to the reasonableness of hours requested. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." (Moreno v. City of Sacramento (9th Cir. 2008) 534 F.3d 1106, 1112.) The Court is as capable as Mr. Pierce to assess the reasonableness of the hours requested for the tasks performed as based upon the materials before it and consideration of the motions heard by this Court and on appeal.

The Court in general does not reduce the hours worked based on Plaintiff's argument that the issues in this action were not novel or complex; that it should not have taken a significant amount of time to review the First Amended Complaint and/or its exhibits; that significant evidentiary objections were unnecessary; or that counsel should not have charged as many hours on appeal for researching the same issues. Plaintiff filed a First Amended Complaint which expanded the allegations of the original Complaint. The First Amended Complaint made allegations against eleven Defendants and concerned numerous third parties over eleven causes of action spanning over 165 pages and attached approximately 600 pages of exhibits. (See Pao

Decl. ¶ 38.) Defendant has adequately broken down its hours incurred with the moving and reply papers on his Anti-SLAPP Motion and in the supplemental declaration. (See Pao Decl. ¶ 22(a),(b); Second Supp. Pao Decl, ¶ 11.) Plaintiff's opposition to Defendant's Anti-SLAPP Motion included over 2,600 pages of declarations and exhibits and cross-referenced across multiple briefs. (Ibid.) The foregoing necessitated substantial evidentiary objections in response. (Ibid.) Next, the Court of Appeal's review on appeal of a Special Motion to Strike is de novo, such that deference to this Court's opinion and reasoning is not the rule and Defendant would have needed to be equally prepared on appeal and has supported its need to spend considerable time preparing appellate materials; and Plaintiffs as well filed a cross-appeal. (See Pao Decl. ¶ 39.) Even if some counsel did not in the end offer argument at the hearing, counsel must be prepared to do so. "[H]aving litigated the matter tenaciously, [Plaintiff] " 'cannot ... be heard to complain about the time necessarily spent by the [defendant] in response." (Ketchum, 24 Cal.4th at 1141.) Moreover, Defendant obtained an excellent outcome from the Court of Appeal in its Opinion directing this Court to grant Defendant's motion in full, a factor supporting recovery of fees.

The Court is also unpersuaded that prior cases mandate reduction of hours, as they concern less complex or lengthy issues than raised in this action. (E.g., Christian Research Institute v. Alnor (2008) 165 Cal.App.4th 1315; Morris v. Hyundai Motor America (2019) 41 Cal.App.5th 24, as modified (Oct. 11, 2019).)

However, the Court agrees that Defendant has not shown good cause for at least 45 hours in coordination with joint defense counsel. While the court accepts that some coordination was necessary and reasonable, the total amount of hours claimed is still excessive. (See Second Supp. Pao Decl. ¶ 11.) The Court therefore reduces the total number of hours by 25 hours, apportioned proportionally per counsel within the firm.

Next, the Court agrees that Defendant seeks excessive fees for the instant fee motion and its original fee motion. "[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16." (Ketchum v. Moses (2001) 24 Cal.4th 1122, 1141.) Here the fees sought are excessive. Defendant's counsel attests to having incurred approximately 250 hours across its original fee motion and this fee motion, and that this amount does not include hours incurred after initially filing the original fee motion on October 30, 2020. (Pao Decl. ¶ 22(g), fn. 5; Supp. Pao Decl. ¶ 7; Second Supp. Pao Decl. ¶¶ 11-16.) The original fee motion was filed after the Court had entered an order granting an ex parte application to stay proceedings, and was eventually taken off calendar voluntarily by joint agreement of the parties pursuant to that stay. The motion, while it must summarize lengthy proceedings, does not

involve novel legal issues. No more than 100 hours are awarded for all work on both the original fee motion and the instant fee motion.

The Court notes Defendant's voluntary exclusion of some hours incurred by attorneys and paralegals outside the four-person team that provided support related to the Anti-SLAPP Motion. (See Pao Decl. ¶¶ 26-29; Second Supp. Pao Decl. ¶¶ 16, 17.)

ii. Reasonableness of Hourly Rates

Defendant Turner seeks compensation at the following rates for its counsel:

O'Melveny & Myers LLP
Attorney Hourly Rate Reference
William K. Pao $1,045-$1,220 Pao Decl. ¶¶ 9, 15; Second Supp. Pao Decl. ¶¶ 3, 13.
Daniel J. Tully $890-$1,025 Pao Decl. ¶¶ 10, 15; Second Supp. Pao Decl. ¶¶ 3, 13.
David L. Iden $935-$1,015
Pao Decl. ¶¶ 11, 15, fn. 3; Second Supp. Pao Decl. ¶¶ 3, 13.
Rob Barthelmess $725-840 Pao Decl. ¶¶ 12, 15, fn. 4; Second Supp. Pao Decl. ¶¶ 3, 13.
Stephen Kemp (paralegal) $320-$340 Pao Decl. ¶¶ 13, 15; Second Supp. Pao Decl. ¶¶ 3, 13.

The Court considers, but does not defer to, the declaration and supplemental declaration of John S. Pierce. Plaintiffs have provided support that the Court may consider Mr. Pierce's declarations. (See generally Cates v. Chiang (2013) 213 Cal.App.4th 791, 817-18; Bernardi v. County of Monterey (2008) 167 Cal.App.4th 1379, 1389-90.) Mr. Pierce and Plaintiffs assert that the appropriate comparable rates for all defense counsel should be based upon comparable rates charged by attorneys with the same level of experience providing similar commercial litigation services in Los Angeles, which rates are primarily based upon the 2020 and 2021 Real Rate Reports. (See Pierce Decl. ¶¶ 56-58.) Defendant also relies the 2021 Real Rate Report, but refers to rates for securities and financial cases. (See Pao Decl. ¶ 1, Exh. 14.) Plaintiff asserts the action is one of general commercial litigation and not a securities action. However, the action includes the causes of action of Fraudulent Inducement to Hold Securities, Negligent Misrepresentation to Induce Holder to Hold Securities, and throughout Plaintiff makes allegations related to such securities and other financial claims. It is for Defendant, not Plaintiff, to determine that attorneys with securities and financial experience should represent Defendant's interests when such claims are included in the action and were the subject of Defendant's Anti-SLAPP Motion.

In addition, supportive but not necessary for the Court's conclusion, Defendant has provided evidence that attorneys hired by Plaintiff have charged similar rates for partners and associates in

prior actions. (See Farrell Decl. ¶¶ 2, 3.)

The Court otherwise defers to the hourly rates charged by defense counsel. As above, the Court credits the good outcome on appeal for Mr. Turner as support for the reasonableness of his counsel's hourly rates, as well as counsel's experience, and the quality of the work the court observes before it. (Mann v. Quality Old Time Service, Inc. (2006) 139 Cal.App.4th 328, 345 (courts consider significance of overall relief obtained in relation to the hours expended and whether the expenditure of time was reasonable in relation to the success achieved).) The rates charged are in line with rates charged by attorneys of similar experience for securities and financial litigation in Los Angeles, based upon Defendant's evidence, as well as the Court's own knowledge and familiarity of the legal market, the experience and skill of the attorneys requesting fees, and complexity of this litigation. (See Morris v. Hyundai Motor America (2019) 41 Cal.App.5th 24, 41, as modified (Oct. 11, 2019).)

**II. Conclusion**

The Motion for Attorney Fees filed by J. Francisco Turner on 10/30/2020 is Granted in Part. as to attorney fees as explained in this Order. Defendant is to submit a supplemental declaration calculating fees based upon reductions indicated by the Court in this Order within 10 days, along with corresponding proposed order in that amount. Costs are awarded in the amount of $1,833.91.

**Motion for Attorneys Fees and Costs of Defendants Banc of California, Inc. and Banc of California, N.A.**

I. Analysis

A. Notice of Motion

The motion, opposition, and reply were timely served and filed. (Code Civ. Proc. § 1005(b).) The supplemental brief and supplemental opposition were timely filed and served in compliance with the Court's Order of September 6, 2022.

B. Evidentiary Objections

Plaintiffs' evidentiary objections are ruled on as follows:
1. Declaration of David C. Scheper:
Overruled: Nos. 1, 3.

---

Sustained in Part: No. 4 as to attorney declarations attached as Exhibits 1, 3, and 4 only. (Evid. Code § 1200.)
Sustained: Nos. 2, 5.
2. Supplemental Declaration of David C. Scheper: Overruled.
3. Declaration of Chet A. Kronenberg:
Overruled: Nos. 7, 8.
Sustained: Nos. 9, 10. (Evid. Code § 1200.)
4. Declaration of Brian B. Farrell: Overruled.

Defendants' evidentiary objections to the Declaration of John S. Pierce are overruled. (See Weller v. American Broadcasting Companies, Inc. (1991) 232 Cal.App.3d 991, 1007–1008 (expert opinion inadmissible under Evidence Code, section 801, only if the subject of inquiry is one of such common knowledge that people of ordinary education could reach a conclusion as well as the witness).) The remaining objections go to the weight, not admissibility, of the declaration.

Plaintiffs' evidentiary objections to the Supplemental Declaration of David Scheper and Supplemental Declaration of Chet Kronenberg are each overruled.

C. Motion for Attorneys Fees and Costs

Defendants Banc of California, Inc. and Banc of California, N.A. ("Defendant" or "Banc") seek an order granting attorneys' fees of $1,461,362.50, plus $150,000.00 for the instant motion, and costs of $50,502.09. Plaintiffs Steven A. Sugarman and The Steven and Ainslie Sugarman Living Trust ("Plaintiffs") have opposed. Defendants have replied. The parties each submitted supplemental briefs and declarations.

1. Timeliness

California Rules of Court, Rule 3.1702(b)(1) provides in pertinent part:

A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court--including attorney's fees on an appeal before the rendition of judgment in the trial court--must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case . . . .

The deadline is mandatory. (Community Youth Athletic Center v. City of National City (2013) 220 Cal.App.4th 1385, 1444.) California Rules of Court, Rule 8.104(a)(1) provides that a notice

of appeal must be filed on or before the earliest of:

(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled “Notice of Entry” of judgment or a filed-endorsed copy of the judgment, showing the date either was served;
(B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled “Notice of Entry” of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or
(C) 180 days after entry of judgment.

The foregoing includes the entry date of an appealable order as of the date it is entered in the permanent minutes. (Cal. Rules of Court, Rule 8.104(c)(2).)

Next, California Rules of Court, Rule 8.278 provides in relevant part:

(c) Procedure for claiming or opposing costs
(1) Within 40 days after issuance of the remittitur, a party claiming costs awarded by a reviewing court must serve and file in the superior court a verified memorandum of costs under rule 3.1700.
(2) A party may serve and file a motion in the superior court to strike or tax costs claimed under (1) in the manner required by rule 3.1700.
(3) An award of costs is enforceable as a money judgment.

California Rules of Court, Rule 3.1702 provides in relevant part:

(c) Attorney's fees on appeal
(1) Time for motion
A notice of motion to claim attorney's fees on appeal-other than the attorney's fees on appeal claimed under (b)-under a statute or contract requiring the court to determine entitlement to the fees, the amount of the fees, or both, must be served and filed within the time for serving and filing the memorandum of costs under rule 8.278(c)(1) in an unlimited civil case or under rule 8.891(c)(1) in a limited civil case.

The Court issued its rulings on several Defendants’ four Special Motions to Strike (anti-SLAPP) on September 1, 2022, and on September 15, 2022, granted several Defendants’ ex parte application to stay proceedings in this action pending resolution of appeals. Defendant Banc originally filed a motion for attorneys’ fees and costs on October 30, 2020, during that stay of proceedings. On November 25, 2020, Defendant Banc filed a joint notice of taking hearings for attorneys’ fees motions off calendar. On April 7, 2022, the Court of Appeal issued its Remittitur

on Defendant's Special Motion to Strike (anti-SLAPP). Defendant then re-noticed this motion on May 17, 2022. There is no objection to timeliness considering the stay of proceedings or with respect to the appeal. The motion is timely.

2. Costs and Expenses

Defendant Banc's requests for costs have been addressed in the separate Motion to Strike and/or Tax Costs.

3. Entitlement to Attorneys' Fees

Apart from certain circumstances not here raised, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." (Code Civ. Proc., § 425.16(c)(1).) An award of attorneys' fees for a SLAPP defendant who brings a successful motion to strike is mandatory. (Ketchum v. Moses (2001) 24 Cal.4th 1122, 1131 (Ketchum).) There is no dispute in this motion that Defendant Banc is a prevailing defendant on its Special Motion to Strike, having obtained an Order from the Court of Appeal directing this Court to grant Banc's Special Motion to Strike in its entirety. (See Bel Air Internet, LLC v. Morales (2018) 20 Cal.App.5th 924, 946 (appellants that obtained Court of Appeal order of reversal on denial of Anti-SLAPP motion had "prevailed in full" on their motion and were a "prevailing defendant" for purposes of section 425.16, subdivision (c)(1)).) The Court of Appeal ordered that all appealing Defendants are to recover their costs on appeal.

Next, Defendant may carry its burden to establish its entitlement to attorney fees by submitting a declaration from counsel instead of billing records or invoices. (Lunada Biomedical v. Nunez (2014) 230 Cal.App.4th 459, 487-88 (Lunada Biomedical); Raining Data Corp. v. Barrenechea (2009) 175 Cal.App.4th 1363, 1375-76.) In the moving papers, Defendant provided a partial breakdown of its counsel's work in the trial court before appeal (Scheper Decl. ¶ 38; Mot. at pp. 13-14), as well as on appeal (Supp. Scheper Decl. ¶ 6; Kronenberg Decl. ¶ 26) and in the instant fee motion (Supp. Scheper Decl. ¶ 10; Supp. Kronenberg Decl. ¶ 4). Pursuant to the Court's Order of September 6, 2022, Defendant has provided a further breakdown of hours per attorney before the appeal (Second Supp. Scheper Decl. ¶ 5), on appeal (Second Supp. Kronenberg Decl. ¶ 6), and for the original fee motion (Second Supp. Scheper Decl. ¶ 5). The declarations break down counsel's work into primary activities that are then further broken into more detail, and the supplemental declarations break down the activities into hours incurred per attorney per activity, and are sufficient for purposes of the instant motion without Defendant filing its actual billing records.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 36

**19STCV36697** November 10, 2022
**STEVEN A. SUGARMAN, et al. vs HALLE BENETT, et al.** 8:30 AM

Judge: Honorable Wendy Chang CSR: Janet Murphy, CSR # 9650
Judicial Assistant: A. Rodriguez ERM: None
Courtroom Assistant: A. Aguilar Deputy Sheriff: None

The question is thus whether the fees Defendant seeks in this motion are reasonable. (See Lunada Biomedical, 230 Cal.App.4th at 486.)

4. Reasonableness of Attorneys' Fees

"The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel, and the amount of time involved." (Russell v. Foglio (2008) 160 Cal.App.4th 653, 661 (quoting Wilkerson v. Sullivan (2002) 99 Cal.App.4th 443, 448).) "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." (Ketchum, 24 Cal.4th at 1138.)

Defendant Banc as the moving party bears the burden of proof on any claim not based upon the court's established attorney fee schedule (Code Civ. Proc., § 1033.5(c)(5)) and bears the burden to establish the reasonableness of fees sought (Lunada Biomedical, 230 Cal.App.4th at 486).

Defendant seeks attorneys' fees under the lodestar method with no adjustment. In general, "a court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case.' " (Ketchum, 4 Cal.4th at 1131-32.) The lodestar figure is considered to be "presumptively reasonable". (See Harman v. City and County of San Francisco (2007) 158 Cal.App.4th 407, 416.)

i. Reasonableness of Hours Requested

Defendant seeks compensation for the following hours of attorney work:

Scheper Kim & Harris (Superior Court)
Task Hours Reference
Review of the FAC and Exhibits 29.4 Scheper Decl. ¶ 38; Second Supp. Scheper Decl. ¶ 5.
Legal Research 84.3 Scheper Decl. ¶ 38; Second Supp. Scheper Decl. ¶ 5.
Factual Research & Development 66.3 Scheper Decl. ¶ 38; Second Supp. Scheper Decl. ¶ 5.
Coordination with Co-Defendants 65.4 Scheper Decl. ¶ 38; Second Supp. Scheper Decl. ¶ 5.
Drafting of Anti-SLAPP Motion and Declarations 121.2 Scheper Decl. ¶ 38; Second Supp. Scheper Decl. ¶ 5.
Review of Opposition Filings and Supporting Documents 105.3 Scheper Decl. ¶ 38; Second Supp. Scheper Decl. ¶ 5.

Drafting Reply and Evidentiary Objections 143.6 Scheper Decl. ¶ 38; Second Supp. Scheper Decl. ¶ 5.
Preparation for and Argument on the Motion 72.8 Scheper Decl. ¶ 38; Second Supp. Scheper Decl. ¶ 5.
Preparation of Original Attorneys' Fees Motion 158.1 (but seeking 79 hours, equaling $59,380). Supp. Scheper Decl. ¶ 10; Kronenberg Decl. ¶ 27; Second Supp. Scheper Decl. ¶ 5.

Scheper Kim & Harris (Court of Appeal)
Task Hours Reference
Research and Preparation of the Opening Brief on Appeal 689.8 Supp. Scheper Decl. ¶ 6; Second Supp. Scheper Decl. ¶ 5.

Simpson Thacher (Court of Appeal)
Task Hours Reference
Research and Preparation of Combined Reply and Cross-Respondents' Brief and Opposition to Plaintiffs' RJN 275.4
(of which 22.3 for Opposition to RJN) Kronenberg Decl. ¶ 26; Second Supp. Kronenberg Decl. ¶ 6.
Preparation for Oral Argument and Attend Oral Argument 52.9 Kronenberg Decl. ¶ 26 Second Supp. Kronenberg Decl. ¶ 6.
Opposition to Petition for Review to California Supreme Court 14.1 Kronenberg Decl. ¶ 26; Second Supp. Kronenberg Decl. ¶ 6.

Simpson Thacher (Superior Court)
Task Hours Reference
Research and Preparation of Renewed Attorneys' Fees Motion 112.8 (additional 30.5 hours written off) (for total of $150,000) Kronenberg Decl. ¶ 26; Supp. Kronenberg Decl. ¶ 4; Second Supp. Kronenberg Decl. ¶¶ 6, 7.
Opposition to Motion to Tax Costs 31.8 (additional 41 hours written off) Second Supp. Kronenberg Decl. ¶¶ 6, 7.

Defendant has provided evidence that the foregoing hours are those billed, which Banc seeks to recover. (Scheper Decl. ¶ 8; Supp. Scheper Decl. ¶¶ 6, 10; Kronenberg Decl. ¶ 20.)

The Court addresses Plaintiffs' objections in the opposition and supplemental opposition.

Defendant may recover fees for time spent on the Anti-SLAPP motion where research applied both to the Anti-SLAPP motion and concurrently-filed demurrer; and Defendant has provided

testimony that the fees sought in this motion are those related to preparation and presentation of the Anti-SLAPP motion, including those tasks that applied to both the Anti-SLAPP motion and demurrer. (Scheper Decl. ¶ 38.) These fees need not be apportioned. (Hadley v. Krepel (1985) 167 Cal.App.3d 677, 686.)

Alleged inconsistencies between the original and renewed fees motion are reconciliable based upon a review of the declarations; both seek 688.3 hours in connection with the Anti-SLAPP motion. (Scheper Decl. ¶ 39.) The discrepancy appears to be in the calculation of hours by Scheper for preparation of the original fee motion. (See Supp. Scheper Decl. ¶ 10; Kronenberg Decl. ¶ 27.)

The Court does not agree that there are clear overstaffing issues on grounds that Banc seeks fees for eight attorneys. Defendant has provided evidence that Scheper used four attorneys as its team, and when in February 2021 Scheper merged with Winston & Strawn, causing conflicts issues, Simpson Thacher & Bartlett LLP substituted in as counsel, which also used a small team to prepare briefs and submissions. (Scheper Decl. ¶ 8; Supp. Scheper Decl. ¶ 8; Kronenberg Decl. ¶¶ 12, 13.) This is not grounds to find eight attorneys all worked at the same time and work was clearly duplicated.

The Court considers, but does not defer to, the declaration and supplemental declaration of John S. Pierce as to the reasonableness of hours requested. “By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.” (Moreno v. City of Sacramento (9th Cir. 2008) 534 F.3d 1106, 1112.) The Court is as capable as Mr. Pierce to assess the reasonableness of the hours requested for the tasks performed as based upon the materials before it and consideration of the motions heard by this Court and on appeal.

The Court in general does not reduce the hours worked based on Plaintiff’s argument that the issues in this action were not novel or complex; that it should not have taken a significant amount of time to review the First Amended Complaint and/or its exhibits; that significant evidentiary objections were unnecessary; or that counsel should not have charged as many hours on appeal for researching the same issues. Plaintiff filed a First Amended Complaint which expanded the allegations of the original Complaint. The First Amended Complaint made allegations against eleven Defendants and concerned numerous third parties over eleven causes of action spanning over 165 pages and attached approximately 600 pages of exhibits. Defendant included substantial evidence with its motion, as keyed to the First Amended Complaint’s allegations and exhibits. (Scheper Decl. ¶ 28.) Plaintiff’s opposition to Banc’s Anti-SLAPP Motion included over 2,800 pages of declarations and exhibits and cross-referenced across

multiple briefs. (Id. ¶¶ 29, 30.) The foregoing necessitated substantial evidentiary objections in response. (See id. ¶ 31.) Next, the Court of Appeal's review on appeal of a Special Motion to Strike is de novo, such that deference to this Court's opinion and reasoning is not the rule and Defendant would have needed to be equally prepared on appeal and has supported its need to spend considerable time preparing appellate materials; and it is not unreasonable for Defendant to have obtained appellate counsel under the circumstances it described above. (See, e.g., Kronenberg Decl. ¶¶ 6, 25; Supp. Scheper Decl. ¶ 6.) Last, counsel must be prepared for oral argument in all circumstances. "[H]aving litigated the matter tenaciously, [Plaintiff] " 'cannot ... be heard to complain about the time necessarily spent by the [defendant] in response." (Ketchum, 24 Cal.4th at 1141.) Moreover, Defendant obtained an excellent outcome from the Court of Appeal in its Opinion directing this Court to grant Defendant's motion in full, a factor supporting recovery of fees.

The Court is also unpersuaded that prior cases mandate reduction of hours, as they concern less complex or lengthy issues than raised in this action. (E.g., Christian Research Institute v. Alnor (2008) 165 Cal.App.4th 1315; Morris v. Hyundai Motor America (2019) 41 Cal.App.5th 24, as modified (Oct. 11, 2019).)

However, the Court agrees that Defendant has not shown good cause for 65.4 hours in coordination with joint defense counsel. While the court accepts that some coordination was necessary and reasonable, the total amount of hours claimed is still excessive. (See Scheper Decl. ¶¶ 23, 27, Kronenberg Decl. ¶ 12.) The Court awards a reduced total of 20 hours, apportioned proportionally per counsel within the firm, for this category.

Next, the Court agrees that Defendant seeks excessive fees for the instant fee motion and its original fee motion. "[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16." (Ketchum v. Moses (2001) 24 Cal.4th 1122, 1141.) Here, however, the fees sought are excessive. Defendant's declarants attest to having incurred approximately 370 hours across its original fee motion and this fee motion, but that Defendant is reducing the amount sought on this motion to $150,000 while still seeking approximately 79 hours on the original fee motion. The original fee motion was filed after the Court had entered an ex parte application to stay proceedings, and was eventually taken off calendar voluntarily by joint agreement of the parties pursuant to that stay. The motion, while it must summarize lengthy proceedings, does not involve novel legal issues. The Court finds that no more than 100 hours are to be apportioned for all work on both the original fee motion and the instant fee motion, to be split proportionally between Scheper Kim Harris and Simpson Thacher, and apportioned proportionally among counsel within each firm according to counsel's hours incurred after the

hours written off. However, the Court does not reduce the 31.8 hours incurred for opposition to the Motion to Tax Costs, which is reasonable.

ii. Reasonableness of Hourly Rates

Banc seeks compensation at the following rates for its counsel:

Scheper Kim & Harris
Attorney Hourly Rate Reference
David Scheper (lead partner) $950 Scheper Decl. ¶¶ 9, 10, 17; Second Supp. Scheper Decl. ¶ 3.
Gregory Ellis (senior counsel) $750 Scheper Decl. ¶¶ 10-12, 17; Second Supp. Scheper Decl. ¶ 3.
Michael Lavetter $550 Scheper Decl. ¶¶ 13, 14, 17; Second Supp. Scheper Decl. ¶ 3.
Alexandra Aurisch $625 Scheper Decl. ¶¶ 15, 17; Second Supp. Scheper Decl. ¶ 3.
Lance Nakano (paralegal) $250 Scheper Decl. ¶¶ 16, 17; Second Supp. Scheper Decl. ¶ 3.

Simpson Thacher
Attorney Hourly Rate Reference
Chet Kronenberg $1,275 Kronenberg Decl. ¶¶ 15, 19, 20; Second Supp. Kronenberg Decl. ¶ 3
Jonathan Sanders $1,275 Kronenberg Decl. ¶¶ 16; Second Supp. Kronenberg Decl. ¶ 3
Ziwei Xiao $810 Kronenberg Decl. ¶¶ 17; Second Supp. Kronenberg Decl. ¶ 3
Raul Duran $810 Kronenberg Decl. ¶¶ 18; Second Supp. Kronenberg Decl. ¶ 3
Brandon Orewyler $810 Second Supp. Kronenberg Decl. ¶ 3; Kronenberg Decl. ¶ 14

The Court considers, but does not defer to, the declaration and supplemental declaration of John S. Pierce. Plaintiff has provided support that the Court may consider Mr. Pierce's declarations. (See generally Cates v. Chiang (2013) 213 Cal.App.4th 791, 817-18; Bernardi v. County of Monterey (2008) 167 Cal.App.4th 1379, 1389-90.) Mr. Pierce and Plaintiff assert that the appropriate comparable rates for all defense counsel should be based upon comparable rates charged by attorneys with the same level of experience providing similar commercial litigation services in Los Angeles, which rates are primarily based upon the 2020 and 2021 Real Rate Reports. (See Pierce Decl. ¶¶ 56-58.) Defendant also relies upon an earlier Real Rate Report from 2018 and a 2021 Real Rate Report, but refers to rates for securities and financial cases. (See Scheper Decl. ¶ 20; Kronenberg Decl. ¶ 22, Exh. J.) Plaintiff asserts the action is one of general commercial litigation and not a securities action. However, the action includes the causes of action of Fraudulent Inducement to Hold Securities, Negligent Misrepresentation to Induce Holder to Hold Securities, and throughout Plaintiff makes allegations related to such securities and other financial claims. It is for Defendant, not Plaintiff, to determine that attorneys with

securities and financial experience should represent Defendant's interests when such claims are included in the action and were the subject of Defendant's Anti-SLAPP Motion.

In addition, supportive but not necessary for the Court's conclusion, Defendant has provided evidence that attorneys hired by Plaintiff have charged similar rates for partners and associates in prior actions. (See Farrell Decl. ¶¶ 2, 3.)

The Court otherwise defers to the hourly rates charged by defense counsel. The quality of the work before it is excellent. The rates charged are in line with rates charged attorneys of similar experience for securities and financial litigation in Los Angeles, based upon Defendant's evidence, as well as the Court's own knowledge and familiarity of the legal market, the experience and skill of the attorneys requesting fees, and complexity of this litigation. (See Morris v. Hyundai Motor America (2019) 41 Cal.App.5th 24, 41, as modified (Oct. 11, 2019).)

**VIII. Conclusion**

The Motion for Attorney Fees filed by Banc of California, Inc., Banc of California NA on 10/30/2020 is Granted. as to attorney fees as explained in this Order. Defendant is to submit a supplemental declaration calculating fees based upon reductions indicated by the Court in this Order within 10 days, along with corresponding proposed order in that amount. Costs are addressed in the concurrent Motion to Strike / Tax Costs.

**The Motion for Attorneys' Fees and Costs of Defendants Halle Benett, Hugh Boyle, John Grosvenor, Jeffrey Karish, Richard Lashley, Jonah Schnel, and Robert Sznewajs (together "Banc Individuals")**

I. Analysis

A. Notice of Motion

The motion, opposition, and reply were timely served and filed. (Code Civ. Proc. § 1005(b).) The supplemental brief and supplemental opposition were timely filed and served in compliance with the Court's Order of September 6, 2022.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 36

**19STCV36697** November 10, 2022
**STEVEN A. SUGARMAN, et al. vs HALLE BENETT, et al.** 8:30 AM

Judge: Honorable Wendy Chang CSR: Janet Murphy, CSR # 9650
Judicial Assistant: A. Rodriguez ERM: None
Courtroom Assistant: A. Aguilar Deputy Sheriff: None

B. Evidentiary Objections

Plaintiffs' evidentiary objections are ruled on as follows:
1. Declaration of Mark R. McDonald:
Overruled: Nos. 1-11, 14-16.
Sustained: Nos. 12, 13, 17. (Evid. Code § 1200.)
2. Declaration of Joseph R. Palmore: Overruled.

Defendants' evidentiary objections to the Declaration of John S. Pierce are overruled. (See Weller v. American Broadcasting Companies, Inc. (1991) 232 Cal.App.3d 991, 1007–1008 (expert opinion inadmissible under Evidence Code, section 801, only if the subject of inquiry is one of such common knowledge that people of ordinary education could reach a conclusion as well as the witness).) The remaining objections go to the weight, not admissibility, of the declaration.

Plaintiffs' evidentiary objections to the Supplemental Declaration of Marc McDonald are ruled on as follows: Nos. 1-5, 7-8: Overruled. No. 6: Sustained.
Plaintiffs' evidentiary objection to the Supplemental Declaration of Joseph Palmore is overruled.

C. Motion for Attorneys Fees and Costs

Defendants Halle Benett, Hugh Boyle, John Grosvenor, Jeffrey Karish, Richard Lashley, Jonah Schnel, and Robert Sznewajs (together "Banc Individuals") seek an order granting attorneys' fees of $3,170,094.86, plus an additional $25,000.00 for the instant motion. Plaintiffs Steven A. Sugarman and The Steven and Ainslie Sugarman Living Trust ("Plaintiffs") have opposed. Defendants have replied. The parties each submitted supplemental briefs and declarations.

1. Timeliness

California Rules of Court, Rule 3.1702(b)(1) provides in pertinent part:

A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court--including attorney's fees on an appeal before the rendition of judgment in the trial court--must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case . . . .

The deadline is mandatory. (Community Youth Athletic Center v. City of National City (2013) 220 Cal.App.4th 1385, 1444.) California Rules of Court, Rule 8.104(a)(1) provides that a notice

of appeal must be filed on or before the earliest of:

(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled “Notice of Entry” of judgment or a filed-endorsed copy of the judgment, showing the date either was served;
(B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled “Notice of Entry” of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or
(C) 180 days after entry of judgment.

The foregoing includes the entry date of an appealable order as of the date it is entered in the permanent minutes. (Cal. Rules of Court, Rule 8.104(c)(2).)

Next, California Rules of Court, Rule 8.278 provides in relevant part:

(c) Procedure for claiming or opposing costs
(1) Within 40 days after issuance of the remittitur, a party claiming costs awarded by a reviewing court must serve and file in the superior court a verified memorandum of costs under rule 3.1700.
(2) A party may serve and file a motion in the superior court to strike or tax costs claimed under (1) in the manner required by rule 3.1700.
(3) An award of costs is enforceable as a money judgment.

California Rules of Court, Rule 3.1702 provides in relevant part:

(c) Attorney's fees on appeal
(1) Time for motion
A notice of motion to claim attorney's fees on appeal-other than the attorney's fees on appeal claimed under (b)-under a statute or contract requiring the court to determine entitlement to the fees, the amount of the fees, or both, must be served and filed within the time for serving and filing the memorandum of costs under rule 8.278(c)(1) in an unlimited civil case or under rule 8.891(c)(1) in a limited civil case.

The Court issued its rulings on several Defendants’ four Special Motions to Strike (anti-SLAPP) on September 1, 2022, and on September 15, 2022, granted several Defendants’ ex parte application to stay proceedings in this action pending resolution of appeals. Banc Individuals originally filed a motion for attorneys’ fees and costs on October 14, 2020, during that stay of proceedings. On November 10, 2020, the Court stayed Banc Individuals’ Motion for Attorney’s fees pending resolution of the appeal of Banc Individuals’ Special Motion to Strike (anti-

SLAPP).On April 7, 2022, the Court of Appeal issued its Remittitur on Defendant's Special Motion to Strike (anti-SLAPP). Defendant then re-noticed this motion on May 17, 2022. There is no objection to timeliness considering the stay of proceedings or with respect to the appeal. The motion is timely.

2. Costs and Expenses

Banc Individuals seek $3,889.85 in costs incurred in this Court since February 19, 2020. "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of service of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first." (Cal. Rules of Court, Rule 3.1700(a).) Banc Individuals have not yet been dismissed and a notice of entry of judgment has not yet been entered. However, Banc Individuals include this request in their noticed motion and Plaintiffs have not objected to such inclusion or opposed these costs. (See McDonald Decl. ¶ 23.) The costs are recoverable and reasonable and approved. (Code Civ. Proc., § 1033.5.)

Banc Individuals seek $2,598.33 in costs incurred on appeal. Banc Individuals filed a corresponding Memorandum of Costs on May 16, 2022. Plaintiffs have not objected to the memoranda or to the request for costs in the opposition. The costs are recoverable and reasonable and approved. (Cal. Rules of Court, Rule 8.278(d).)

3. Entitlement to Attorneys' Fees

Apart from certain circumstances not here raised, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." (Code Civ. Proc., § 425.16(c)(1).) An award of attorneys' fees for a SLAPP defendant who brings a successful motion to strike is mandatory. (Ketchum v. Moses (2001) 24 Cal.4th 1122, 1131 (Ketchum).) There is no dispute in this motion that Banc Individuals are prevailing defendants on their Special Motion to Strike, having obtained an Order from the Court of Appeal directing this Court to grant Banc's Special Motion to Strike in its entirety. (See Bel Air Internet, LLC v. Morales (2018) 20 Cal.App.5th 924, 946 (appellants that obtained Court of Appeal order of reversal on denial of Anti-SLAPP motion had "prevailed in full" on their motion and were "prevailing defendant" for purposes of section 425.16, subdivision (c)(1)).) The Court of Appeal ordered that all appealing Defendants are to recover their costs on appeal.

Next, Defendant may carry its burden to establish its entitlement to attorney fees by submitting a declaration from counsel instead of billing records or invoices. (Lunada Biomedical v. Nunez

(2014) 230 Cal.App.4th 459, 487-88 (Lunada Biomedical); Raining Data Corp. v. Barrenechea (2009) 175 Cal.App.4th 1363, 1375-76.) In the moving papers, Banc Individuals provided a breakdown of their counsel's work in the trial court from February 19, 2020, to November 2, 2020 (McDonald Decl. ¶¶ 24-26) along with a description of that work, which included the original attorneys' fees motion (see id. ¶¶ 2-11, 23); their counsel's work in the appellate court since November 1, 2020 (Palmore Decl. ¶¶ 51-53) along with a description of that work (see id. ¶¶ 7-32, 36-40); and on reply seeks an additional $25,000 for work in drafting the reply for this motion (Supp. McDonald Decl. ¶ 4). The declarations in large part broke down counsel's work into primary activities, and those activities are described in further detail earlier in each declaration, and are broken down per timekeeper as well. (See McDonald Decl. ¶¶ 24-26; Palmore Decl. ¶¶ 51-53.) Pursuant to the Court's Order of September 6, 2022, Defendant has provided a further breakdown of hours per attorney and task, which includes the hours incurred of counsel's work in the trial court from February 2020 to November 2020, which included the original attorneys' fees motion (Second Supp. McDonald Decl. ¶¶ 2-4; see id. ¶¶ 5-20); counsel's hours incurred in the appellate court since November 1, 2020 and breakdown of that work (see Supp. Palmore Decl. ¶¶ 3-51); and hours for the renewed fee motion (Second Supp. McDonald Decl. ¶¶ 62-63). The foregoing is sufficient for purposes of the instant motion without Defendant filing its actual billing records.

The question is thus whether the fees Defendant seeks in this motion are reasonable. (See Lunada Biomedical, 230 Cal.App.4th at 486.)

4. Reasonableness of Attorneys' Fees

"The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel, and the amount of time involved." (Russell v. Foglio (2008) 160 Cal.App.4th 653, 661 (quoting Wilkerson v. Sullivan (2002) 99 Cal.App.4th 443, 448).) "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." (Ketchum, 24 Cal.4th at 1138.)

Defendant Banc Individuals as the moving party bears the burden of proof on any claim not based upon the court's established attorney fee schedule (Code Civ. Proc., § 1033.5(c)(5)) and bears the burden to establish the reasonableness of fees sought (Lunada Biomedical, 230 Cal.App.4th at 486).

Banc Individuals seek attorneys' fees under the lodestar method with no adjustment. In general,

"a court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case.' " (Ketchum, 4 Cal.4th at 1131-32.) The lodestar figure is considered to be "presumptively reasonable". (See Harman v. City and County of San Francisco (2007) 158 Cal.App.4th 407, 416.)

i. Reasonableness of Hours Requested

Defendant seeks compensation for the following hours of attorney work:

Morrison & Foerster LLP (Superior Court)
Task Hours Reference
Researching Law / Drafting Motion 675.8 McDonald Decl. ¶¶ 3-6, 25; Second Supp. McDonald Decl. ¶¶ 3, 4, 7-20.
Communications with Clients, Gathering Evidence and Drafting Declarations 515.9 McDonald Decl. ¶¶ 6, 25; Second Supp. McDonald Decl. ¶¶ 3, 4, 21-25.
Reply Brief 907.1 McDonald Decl. ¶¶ 8, 25; Second Supp. McDonald Decl. ¶¶ 3, 4, 26-33.
Objecting to Evidence 258.3 McDonald Decl. ¶¶ 9, 25; Second Supp. McDonald Decl. ¶¶ 3, 4, 34-37.
Preparing for Argument 241.3 McDonald Decl. ¶¶ 10, 25; Second Supp. McDonald Decl. ¶¶ 3, 4, 38-48.
Original Attorneys' Fees Motion 339.2 McDonald Decl. ¶¶ 12, 25; Second Supp. McDonald Decl. ¶¶ 3, 4, 49-60.
Research related to anti-SLAPP issues that the team identified as potential issues to address post-appeal, research related to ex parte application filed by Plaintiffs to stay Banc Individuals' Motion for Attorneys' Fees pending the various appeals, research and drafting related to Banc Individuals' renewed Fees Motion, and research regarding the enforcement of the fee award. 129.17 McDonald Decl. ¶¶ 4, 34; Second Supp. McDonald Decl. ¶¶ 3, 4, 59.
Renewed Fee Motion $25,000 (hours unspecified) Supp. McDonald Decl. ¶ 4; Second Supp. McDonald Decl. ¶ 62.

Morrison & Foerster LLP (Court of Appeal / California Supreme Court)
Task Hours Reference
Opening Brief and Preliminary Appellate Filings 305 Palmore Decl. ¶¶ 7-14, 52; Supp. Palmore Decl. ¶¶ 5-9.
Combined Response / Reply Brief 419.6 Palmore Decl. ¶¶ 20-26, 52; Supp. Palmore Decl. ¶¶ 10-28.
Oral Argument 181.7 Palmore Decl. ¶¶ 28-32, 52; Supp. Palmore Decl. ¶¶ 29-41.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 36

**19STCV36697** November 10, 2022
**STEVEN A. SUGARMAN, et al. vs HALLE BENETT, et al.** 8:30 AM

Judge: Honorable Wendy Chang CSR: Janet Murphy, CSR # 9650
Judicial Assistant: A. Rodriguez ERM: None
Courtroom Assistant: A. Aguilar Deputy Sheriff: None

Answer to Petition for Review 105.9 Palmore Decl. ¶¶ 36-40, 52; Supp. Palmore Decl. ¶¶ 42-52.

The Court addresses Plaintiff's objections in turn.

Defendant may recover fees for time spent on the Anti-SLAPP motion where research applied both to the Anti-SLAPP motion and concurrently-filed demurrer; and Defendant has provided testimony that the fees sought in this motion are those related to preparation and presentation of the Anti-SLAPP motion, including those tasks that applied to both the Anti-SLAPP motion and demurrer. (McDonald Decl. ¶¶ 5, 29.) Banc Individuals have also excluded 50% for any timekeeper's entry that stated it was for both the Anti-SLAPP and demurrer. (See id. ¶ 29.) These fees need not be apportioned. (Hadley v. Krepel (1985) 167 Cal.App.3d 677, 686.)

A discrepancy between two statement of hours incurred as 339.2 in the original fee motion and 328.7 in Mr. McDonald's present declaration are immaterial as Banc Individuals use the 328.7 hour number for their motion. (Supp. McDonald Decl. ¶ 3.)

The Court agrees that there are apparent inefficiencies based upon the number and particular counsel responsible for this matter in this Court and in the Court of Appeal and before the California Supreme Court. Banc Individuals' counsel, who are specified below, incurred significant hours both in this Court and on appeal. The only attorney who worked on both was Mr. McDonald. (McDonald Decl. ¶ 24, Palmore Decl. ¶ 51.) In addition to Mr. McDonald, Banc Individuals incurred fees from five attorneys for all purposes before this Court, and six attorneys for all purposes before the Court of Appeal and California Supreme Court. (See id.; Supp. Palmore Decl., passim.) There are clear inefficiencies and duplication in getting each new appellate counsel up to speed, which are apparent in the moving and supplemental declarations. (See ibid.) For this reason, the Court finds a reduction of 100 hours, apportioned proportionately per hours billed for all counsel who incurred hours on Banc Individuals' behalf before this Court, the Court of Appeal, and California Supreme Court, is warranted.

The Court considers, but does not defer to, the declaration and supplemental declaration of John S. Pierce as to the reasonableness of hours requested. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." (Moreno v. City of Sacramento (9th Cir. 2008) 534 F.3d 1106, 1112.) The Court is as capable as Mr. Pierce to assess the reasonableness of the hours requested for the tasks performed as based upon the materials before it and consideration of the motions heard by this Court and on appeal.

The Court in general does not reduce the hours worked based on Plaintiff's argument that the

issues in this action were not novel or complex; that it should not have taken a significant amount of time to review the First Amended Complaint and/or its exhibits; that counsel's work in gathering evidence was unwarranted; that numerous evidentiary objections were unwarranted or repetitive; or that counsel should not have charged as many hours on appeal for researching the same issues, apart from its reduction above. In general, Defendant has supported the hours incurred in the trial court and provided sufficient detail. Plaintiff filed a First Amended Complaint which expanded the allegations of the original Complaint. The First Amended Complaint made allegations against eleven Defendants and concerned numerous third parties over eleven causes of action spanning over 165 pages and attached approximately 600 pages of exhibits. Banc Individuals included substantial evidence with their motion, as keyed to the First Amended Complaint's allegations and exhibits, for the seven represented defendants. (See McDonald Decl. ¶ 6.) Plaintiff's opposition to Banc Individuals' Anti-SLAPP Motion included over thousands of pages of declarations and exhibits and cross-referenced across multiple briefs. (See id. ¶ 8.) The foregoing necessitated substantial evidentiary objections in response, as well as comparison of Mr. Sugarman's sworn declaration with the verified amended complaint. (See id. ¶ 9.) Next, the Court of Appeal's review on appeal of a Special Motion to Strike is de novo, such that deference to this Court's opinion and reasoning is not the rule and Defendant would have needed to be equally prepared on appeal and has supported its need to spend considerable time preparing appellate materials. Even if some counsel did not offer argument at the hearing, counsel must be prepared to do so. "[H]aving litigated the matter tenaciously, [Plaintiff] " 'cannot ... be heard to complain about the time necessarily spent by the [defendant] in response." (Ketchum, 24 Cal.4th at 1141.) Moreover, Banc Individuals obtained an excellent outcome from the Court of Appeal in its Opinion directing this Court to grant their motion in full, a factor supporting recovery of fees.

In general, apart from the reductions specified in this Order, the Court credits Banc Individuals' argument that counsel's work exceeded that of Banc Defendants or Defendant Turner. As Banc Individuals note, there were forty-six claims alleged against them in the First Amended Complaint, each requiring evidence from the individual defendants to refute a likelihood of prevailing. (See McDonald Decl. ¶¶ 3, 4; Second Supp. McDonald Decl. ¶ 9.)

The Court is also unpersuaded that prior cases mandate reduction of hours, as they concern less complex or lengthy issues than raised in this action. (E.g., Christian Research Institute v. Alnor (2008) 165 Cal.App.4th 1315; Morris v. Hyundai Motor America (2019) 41 Cal.App.5th 24, as modified (Oct. 11, 2019).)

The Court agrees that Defendant does not sufficiently support its request for 907.1 hours to draft the reply brief before this Court. These hours are patently unreasonable and do not include Banc

Individuals' objections to evidence. Banc Individuals have not sufficiently explained incurring this many hours; their explanation rather tends to support a finding of duplicative hours incurred and/or inefficiency. (See generally McDonald Decl. ¶ 8; Second Supp. McDonald Decl. ¶¶ 26-33.) On a totality of the circumstances, the Court finds that 500 hours of attorney work, apportioned proportionately to each attorney according to hours billed, is sufficient to compensate as a reasonable amount of time for analyzing Plaintiffs' Opposition briefs and drafting the reply to their Anti-SLAPP Motion.

Next, the Court agrees that Defendant seeks excessive fees for the instant fee motion and its original fee motion. "[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16." (Ketchum v. Moses (2001) 24 Cal.4th 1122, 1141.) Here, however, the fees sought are excessive. Banc Individuals seek 339.2 hours for the original attorneys' fees motion; an unspecified number of hours (less than 129.17) on this motion, and an unspecified number of hours on the reply brief for this motion. (McDonald Decl. ¶¶ 12, 25, 34; Supp. McDonald Decl. ¶ 4.) Banc Individuals provide that 143.1 hours were incurred with the renewed fee motion, and state that they have capped the fees sought at $25,000 and that this is a significant reduction from $110,000 in fees incurred. (See Second Supp. McDonald Decl. ¶¶ 62, 63.) The original fee motion was filed after the Court had entered an ex parte application to stay proceedings, and was subsequently ordered stayed pending resolution of the pending appeals. The motion, while it must summarize lengthy proceedings, does not involve novel legal issues. The Court finds that no more than 100 hours are to be awarded for all work on both the original fee motion and the instant fee motion.

The Court agrees that Banc Individuals seek fees for vague tasks related to the Anti-SLAPP Motion, that are premature insofar as Banc Individuals seek hours on enforcement of the instant fee award, and that are generally unsubstantiated. Banc Individuals bear the burden to demonstrate the reasonableness of these fees, and do not sufficiently do so. The Court does not award additional fees for the 129.17 hours sought for "Research related to anti-SLAPP issues that the team identified as potential issues . . . ." (McDonald Decl. ¶ 34; Second Supp. McDonald Decl. ¶ 59.)

Last, Plaintiffs have not provided authority that hours incurred for alleged clerical tasks are not recoverable, and many of the hours to which Plaintiffs object are not clerical in nature. The Court does not reduce the hours incurred on this argument.

ii. Reasonableness of Hourly Rates

Banc seeks compensation at the following rates for its counsel:

Morrison & Foerster LLP (Superior Court)
Attorney Hourly Rate Reference
Mark McDonald (partner) $1,275 McDonald Decl. ¶¶ 15, 24
Robert Hubbell (senior of counsel) $1,275 McDonald Decl. ¶¶ 16, 24
Margaret Buckles $810 McDonald Decl. ¶¶ 17, 24
Matthew Ladew $690 McDonald Decl. ¶¶ 18, 24
Eric Gebert $540 McDonald Decl. ¶¶ 19, 24
Zachary Maldonado $540 McDonald Decl. ¶¶ 20, 24
Stephanie Lenkey (senior paralegal) $395 McDonald Decl. ¶¶ 21, 24
Matt Leahy (temp. paralegal) $255 McDonald Decl. ¶¶ 22, 24

Morrison & Foerster LLP (Court of Appeal / California Supreme Court)
Attorney Hourly Rate Reference
Joseph Palmore (partner) $1,215-$1,350 Palmore Decl. ¶¶ 43, 51
James Sigel (partner) $975-$1,080 Palmore Decl. ¶¶ 44, 51
Mark McDonald (partner) $1,237.50-$1,395 Palmore Decl. ¶¶ 45, 51
Deanne Maynard (partner) $1,350 Palmore Decl. ¶¶ 51
Adam Sorensen (associate) $690-850 Palmore Decl. ¶¶ 46, 51
Michael Qian (associate) $760.50 Palmore Decl. ¶¶ 47, 51
Samuel Goldstein (associate) $670.50 Palmore Decl. ¶¶ 51
Chad Borgman (paralegal) $265.50-$292.50 Palmore Decl. ¶¶ 48, 51
Tina Hinson (temp. paralegal) $405-$436.50 Palmore Decl. ¶¶ 49, 51

The Court considers, but does not defer to, the declaration and supplemental declaration of John S. Pierce. Plaintiff has provided support that the Court may consider Mr. Pierce's declarations. (See generally Cates v. Chiang (2013) 213 Cal.App.4th 791, 817-18; Bernardi v. County of Monterey (2008) 167 Cal.App.4th 1379, 1389-90.) Mr. Pierce and Plaintiff assert that the appropriate comparable rates for all defense counsel should be based upon comparable rates charged by attorneys with the same level of experience providing similar commercial litigation services in Los Angeles, which rates are primarily based upon the 2020 and 2021 Real Rate Reports. (See Pierce Decl. ¶¶ 56-58.) Banc Individuals also rely upon a 2021 Real Rate Report, but refers to rates for securities and financial cases. (See McDonald Decl. ¶ 40, Exh. F.) Plaintiff asserts the action is one of general commercial litigation and not a securities action. However, the action includes the causes of action of Fraudulent Inducement to Hold Securities, Negligent Misrepresentation to Induce Holder to Hold Securities, and throughout Plaintiff makes allegations related to such securities and other financial claims. It is for Defendant, not Plaintiff,

to determine that attorneys with securities and financial experience should represent Defendant's interests when such claims are included in the action and were the subject of Defendant's Anti-SLAPP Motion.

Next, the Court finds that the rates for Mr. Palmore and Mr. McDonald are not to exceed $1,275 per hour as requested for Mr. McDonald for his hours before the Superior Court. The Real Rate Report supports that $1,275 per hour falls within the reasonable range, and Defendants provide insufficient explanation for the abrupt hourly increase in 2022 for Mr. McDonald.

Next, Banc Individuals do not provide sufficient support for the hourly rates of Ms. Maynard, a partner, or Mr. Goldstein, an associate, which is Banc Individuals' burden. The Court therefore finds appropriate hourly rates for these two counsel are $1,200 per hour and $550 per hour, respectively.

The Court otherwise defers to the hourly rates charged by defense counsel. As above, the Court credits the good outcome on appeal for Banc Individuals as support for the reasonableness of his counsel's hourly rates, as well as counsel's experience, and the quality of the work before the court. (Mann v. Quality Old Time Service, Inc. (2006) 139 Cal.App.4th 328, 345 (courts consider significance of overall relief obtained in relation to the hours expended and whether the expenditure of time was reasonable in relation to the success achieved).) The hourly rates are set in consultation with the firm's management. (See Palmore Decl. ¶ 43.) Banc Individuals have provided support that rates are reasonable according to, as above, a 2021 Real Rate Report (McDonald Decl. ¶ 40, Exh. F) and a 2019 Brass Industry Survey Report as to earlier rates (Id. ¶ 39, Exh. E). In addition, supportive but not necessary for the Court's conclusion, Banc Individuals have provided evidence that attorneys hired by Plaintiff have charged similar rates for partners and associates in prior actions. (See McDonald Decl. ¶¶ 38.) The rates charged are in line with rates charged attorneys of similar experience for securities and financial litigation in Los Angeles, based upon Defendant's evidence, as well as the Court's own knowledge and familiarity of the legal market, the experience and skill of the attorneys requesting fees, and complexity of this litigation. (See Morris v. Hyundai Motor America (2019) 41 Cal.App.5th 24, 41, as modified (Oct. 11, 2019).)

**II. Conclusion**

The Motion for Attorney Fees filed by Richard Lashley, Robert Sznewajs, Hugh Boyle, Halle Benett, Jonah Schnel, John Grosvenor, Jeffrey Karish on 10/14/2020 is Granted in Part. as to attorney fees as explained in this Order. Banc Individuals are to submit a supplemental

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 36

**19STCV36697**
**STEVEN A. SUGARMAN, et al. vs HALLE BENETT, et al.**

November 10, 2022
8:30 AM

Judge: Honorable Wendy Chang
Judicial Assistant: A. Rodriguez
Courtroom Assistant: A. Aguilar

CSR: Janet Murphy, CSR # 9650
ERM: None
Deputy Sheriff: None

declaration calculating fees based upon reductions indicated by the Court in this Order within 10 days, along with corresponding proposed order in that amount. Costs are awarded in the amount of $3,889.85 and $2,598.33.

Case Management Conference is continued to 1/18/2023 at 08:30 AM in Department 36 at Stanley Mosk Courthouse.

Non-Appearance Case Review supplemental declaration calculating fees is scheduled for 11/28/2022 at 08:30 AM in Department 36 at Stanley Mosk Courthouse.

Clerk is to give notice.

Certificate of Mailing is attached.