**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BEAU STEPHAN, GEORGE STRAY, LEONARD KIRSCHLING, GEORGE PHIRIPES, RHONDA HABELL, CAMERON BASS and STEPHEN BUBNIAK, individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRADER JOE'S COMPANY, THE BOARD OF DIRECTORS OF TRADER JOE'S COMPANY, THE INVESTMENT COMMITTEE and JOHN DOES 1-30,<br>*Defendants*. | No. 1:25-cv-10212-WGY |

**DECLARATION OF MARK K. GYANDOH IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND CASE CONTRIBUTION AWARDS**

I, Mark K. Gyandoh, declare as follows:

1. I am a member in good standing of the bars of the Commonwealth of Pennsylvania and state of New Jersey and have personal knowledge of the facts set forth below and, if called as witness, I could and would testify competently thereto.

2. I am a partner and the Chair of the Fiduciary Practice Group at the law firm of Capozzi Adler, P.C. ("Capozzi Adler"), and I submit this Declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs and Case Contribution Awards.

3. I have been actively involved in all stages of this lawsuit, including investigating and preparing the Complaint and working to develop the best strategy to prosecute this case through the trial.

***History of the Case***

4. Prior to filing the Complaint, Capozzi Adler engaged in a substantial investigation of the potential claims in this Action.

5. Capozzi Adler's attorneys conducted a detailed review and analysis of documents related to the administration of the Plan, including Form 5500s filed with the Department of Labor, as well as publicly-filed documents regarding the fees and investment returns of the Plan's investments, the allocation of the Plan's forfeitures, comparable investment alternatives, the compensation paid to the Plan's recordkeepers, and industry publications regarding prudent fiduciary practices, the competitive market for plan services, and other matters as referenced in the Complaint.

6. The firm's attorneys worked closely with Plaintiffs to obtain Plan-related information addressing their claims and also consulted with a financial expert on the validity of the claims.

7. On January 28, 2025, Plaintiffs Beau Stephan, George Stray, Leonard Kirschling, George Phiripes, Rhonda Habell, Cameron Bass and Stephen Bubniak ("Plaintiffs"), by and through their attorneys, on behalf of the Trader Joe's Company Retirement Plan (the "Plan") filed a Class Action Complaint under §§ 409 and 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109 and 1132, against the Plan's fiduciaries, which include Trader Joe's Company ("Trader Joe's" or the "Company"), the Board of Directors of Trader Joe's Company ("Board") and the Investment Committee ("Committee") for breaches of their fiduciary duties during the relevant period. *See* ECF No. 1 ("Complaint").

8. Based on this conduct, Plaintiffs asserted claims against Defendants for breach of the fiduciary duty of prudence (Count I), breach of the fiduciary duty of loyalty (Count II), breach

of ERISA's Anti-Inurement Provision (Count III), and failure to monitor fiduciaries (Count IV). *Id.*, ¶ 22. As discussed *infra*, Plaintiffs voluntarily dismissed Count III.

9. On March 24, 2025 Defendants filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). *See* ECF No. 24.

10. Plaintiffs filed an opposition to the Motion to Transfer Venue on April 7, 2025. *See* ECF No. 27.

11. On April 8, 2025, the Court denied Defendants' Motion to Transfer Venue. *See* ECF No. 28.

12. On May 8, 2025, Defendants filed a Motion to Dismiss Plaintiffs' Complaint and supporting memorandum, and Request for Judicial Notice. *See* ECF Nos., 31-33.

13. On May 29, 2025, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss the Complaint and Opposition to Defendants' Request for Judicial Notice. *See* ECF Nos., 41-43.

14. On June 18, 2025, Defendants filed their Reply in Support of the Motion to Dismiss the Complaint. *See* ECF No. 46.

15. On July 22, 2025, after an in-person hearing, the Court denied Defendants' Motion to Dismiss Counts I, II and IV of the Complaint, and Plaintiffs agreed to voluntarily dismiss Count III of the Complaint. *See* ECF No. 47.

16. Defendants filed their Answer and Affirmative Defenses to the Complaint on August 5, 2025. *See* ECF No. 48.

17. On October 1, 2025, Plaintiffs filed a motion to extend the discovery deadlines. *See* ECF No. 57.

18. Defendants filed their opposition to extending the discovery deadlines on October 3, 2025. *See* ECF No. 58. Plaintiffs filed their Reply on October 6, 2025. *See* ECF No. 59.

19. On October 15, 2025, Judge Levenson granted a partial extension. *See* ECF No. 66.

20. Plaintiffs filed their motion for class certification on October 24, 2025, ECF Nos. 67-68, which Defendants did not oppose. ECF No. 71.

21. The Court granted the motion for class certification on December 18, 2025. *See* ECF No. 73.

22. Following the conclusion of fact and expert discovery, the Parties engaged in motions to exclude experts and for summary judgment. *See* ECF Nos. 78-98.

23. The Parties attended the Final Pretrial Conference on April 28, 2026. Prior to the Pretrial Conference, Plaintiffs filed a motion in limine to preclude certain testimony and arguments concerning Plaintiffs' forfeiture claim. ECF No. 107. The Parties also filed Pretrial memoranda.

24. On April 29, 2026, the Court denied Defendants' motion for partial summary judgment on the forfeiture claim and denied Plaintiffs' motion in limine. ECF No. 114.

25. The Court then held a bench trial lasting 6 days, from May 4, 2026 to May 11, 2026, and issued its findings and judgment on September 28, 2026. ECF Nos. 143 and 144.

26. Both Parties filed a notice of appeal of the Court's judgment on October 28, 2026.

***Discovery Efforts***

27. Through June and July of 2025, both Parties issued and responded to document requests and interrogatories.

28. On July 23, 2025, the day after the Court's denial of the Motion to Dismiss, Plaintiffs served upon Defendants a notice of deposition under Federal Rule 30(b)(6).

29. On August 14, 2025, Plaintiffs produced 959 pages of documents to Defendants.

30. Defendants produced approximately 1,168 documents with 17,693 pages in productions on July 10th, August 29th, September 10th, September 16th and October 1st.

31. Plaintiff George Stray was deposed on September 3, 2025.

32. Plaintiff Beau Stephan was deposed on September 9, 2025.

33. Plaintiff Leonard Kirschling was deposed on September 25, 2025.

34. Plaintiff Rhonda Habell was deposed on October 3, 2025.

35. Plaintiff Cameron Bass was deposed on October 6, 2025.

36. Plaintiff George Phiripes was deposed on September 10, 2025.

37. Plaintiff Stephen Bubniak was deposed on September 23, 2025.

38. On September 16, 2025, Plaintiffs deposed Mitch Nadler, Defendants' 30(b)(6) Corporate Designee.

39. Plaintiffs' deposition of Issac Chitica of Trader Joe's took place on October 31, 2025.

40. Plaintiffs' deposition of Robyn Beckford of Trader Joe's took place on November 4, 2025.

***Trial Efforts and the Results Achieved***

41. As mentioned above, trial took place from May 4, 2026 to May 11, 2026.

42. Defendants vigorously contested Plaintiffs' claims at trial. Plaintiffs presented two of the Named Plaintiffs and two expert witnesses, and Defendants presented one fact witness and two expert witnesses. Counsel for both sides made opening and closing remarks and argued a Defense motion for a directed verdict.

43. Plaintiffs faced a formidable opponent in O'Melveny & Meyers LLP, and AmLaw 100 global law firm. The New York City-based ERISA practice group at O'Melveny has been ranked as one of the country's best departments for ERISA litigation for 20 years by Chambers and Partners. *See* Chambers and Partners, ERISA Litigation | USA, "Departments," https://chambers.com/legal-rankings/erisalitigation-usa-nationwide-5:635:12788:1?l=en-GB.

44. After the Court issued its Opinion on September 28, 2026, industry commentators discussed the decision's ramifications for participants, fiduciaries, and plan sponsors nationwide. *See* **Exhibit 1** (collecting commentary articles). For instance, an article in Ignites.com stated "Though Erisa does not require companies to engage in an RFP or RFI for their recordkeepers, failing to do so can put plan sponsors at risk of a lawsuit — something that the judge's ruling has made abundantly clear, attorneys say." *Id.* Plan Sponsor reported that "[t]he outcome of the case shows the possible need, however—especially in the case of large plans—to explore 'robust' fee analysis and review procedures," and that the result could be "'sobering' to plan sponsors and fiduciaries." *Id.* WiseVoter.com reported that as a result of the verdict, "[r]etirement plan participants may see changes in how their employers solicit and negotiate recordkeeping fees to ensure compliance." *Id.* The Kehoe Law Firm stated that the outcome "illustrate[s] the importance of the fiduciary process used to monitor retirement plan recordkeeping and administrative expenses." *Id.*

***<u>Class Counsel's Requested Fee and Expense Awards is Fair and Reasonable</u>***

45. As detailed in the accompanying Fee Memorandum, Class Counsel believes that Class Counsel's request for attorneys' fees readily satisfies the factors set forth in the First Circuit.

46. This was a vigorously prosecuted case which involved considerable time and resources investigating the Action, reviewing and analyzing documents produced through

discovery, defending all seven Plaintiffs' depositions, taking depositions of Defendants' witnesses, preparing expert and rebuttal reports, defending and taking expert depositions, opposing Defendant's pre-trial motions, filing pre-trial motions, conducting a six-day trial and filing post-trial briefs.

47. Class Counsel undertook this action aware of the possibility they could be left uncompensated for their time and out-of-pocket expenses.

48. The recovery of $1,187,221 in this case was achieved through skill, work, dedication, and effective advocacy of Class Counsel who leaned on their decades of experience with complex ERISA class action litigation of this type.

49. As payment for services rendered in achieving such a result, Class Counsel seek an award of attorneys' fees and costs in the total amount of $2,996,500.45. This is counsel's lodestar (as explained below, which was reduced to account for the investment and forfeiture claims for which there was no recovery) of $2,344,376.00 with a 25% enhancement (thus, a 1.25 multiplier), for a total fee of $2,930,470, plus reimbursement of expenses reasonably incurred by Class Counsel in the amount of $66,030.45. Class Counsel's efforts since the inception of this case have been without compensation of any kind and their fee has been wholly contingent upon the result achieved.

50. As lead Plaintiffs' attorney, I personally managed, delegated, and supervised the allocation of all personnel and expenses assisting with the prosecution of this case. We have aggressively, efficiently, and vigorously prosecuted this case and represented the best interest of the Plaintiffs and the participants and beneficiaries of the Plan. Over the course of the litigation, we have incurred the following expenses:

| Expense Category | Total |
|---|---|
| FedEx | $666.40 |
| Depositions | $862.80 |
| Court Filing Costs | $3,758.30 |
| Westlaw and other Research | $6,603.74 |
| E-Discovery | $3,494.93 |
| Transcripts | $14,543.40 |
| Travel Expenses | $36,100.88 |
| **Total:** | **$66,030.45** |

51. The expenses listed above were actually incurred in the litigation of this case as reflected in the books and records of Capozzi Adler. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses. These expenses were necessary for the prosecution of the case and are of the type that would be billed to hourly clients of the firm.

52. The firm's hours and lodestar devoted to this matter, as of October 29, 2026 are as follows:

| Name | Position | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Mark Gyandoh | Partner | $990.00 | 265.5 | $262,845.00 |
| Donald Reavey | Partner | $950.00 | 18.4 | $17,480.00 |
| Jim Maro | Partner | $975.00 | 130.8 | $127,530.00 |
| James Wells | Partner | $850.00 | 1012 | $860,200.00 |
| Brandon Williams | Senior Associate | $600.00 | 2.9 | $1,740.00 |

| | | | | |
|---|---|---|---|---|
| Guilia Conboy | Mid-Level Associate | $525.00 | 284.7 | $149,467.50 |
| Linda Gussler | Paralegal | $360.00 | 161.2 | $58,032.00 |
| Tim Williams | Paralegal | $335.00 | 146.9 | $49,211.50 |
| Jessica Murphy | E-Discovery Paralegal | $250.00 | 5.1 | $1,275.00 |
| Ashley Martinez | Paralegal | $325.00 | 63.1 | $20,507.50 |
| Raashira Ragland | Legal Assistant | $275.00 | 51.7 | $14,217.50 |
| | | **Total** : | **2,142.3** | **$1,562,506.00** |

53. The above table is based on my firm's contemporaneous time records and breaks out the hours and rates for each attorney, paralegal and professional staff.

54. The time reflected above was reasonable and necessary to effectively prosecute this case, and avoided duplication of efforts. Throughout this litigation, Capozzi Adler allocated work to maximize efficiency, assigning tasks within the firm based on a number of considerations and with the goal of minimizing duplication of effort, thereby minimizing fees in the case. Moreover, we have reviewed our time records and eliminated certain entries in the exercise of billing judgment.

55. Significantly, I reviewed and adjusted the time entries to remove any duplicative or unnecessary entries, and any time solely related to Plaintiffs' unsuccessful claims, *i.e.,* the forfeiture and investment fund claims. In all, the time above reflects approximately 13% reduction of all time actually billed by the attorneys and staff on this case.

56. Details supporting the daily time records in this declaration are attached as Exhibit 2.

57. I reviewed the time printouts to confirm both the accuracy of the entries on the printouts as well as the necessity for and reasonableness of the time commitment to the litigation. Based on this review, I believe the time reflected in my firm's lodestar calculation is reasonable in amount and was necessary for the effective and efficient prosecution and resolution of the litigation. Capozzi Adler litigated this case on a wholly contingent basis and the hourly rates shown for the attorneys and paraprofessionals at my firm are the current hourly rates for contingent matters. These rates are in line with those charged by other firms in the field of nationwide ERISA class action work and have been approved by courts in numerous cases. Moreover, the rates are reasonable in comparison to the firms that defend nationwide ERISA class action cases.

58. Class counsel was also ably assisted in this litigation by co-counsel Peter A. Muhic of Muhic Law, LLC. As detailed in his declaration, after deducting time attributed to the investment and forfeiture claims, Mr. Muhic performed 762.8 hours of work in connection with the successful prosecution of this case. His hourly rate ordinarily charged to the firm's clients is $1,025/hour. Thus, the total lodestar value of his firm's time in this case is $781,870. Attached as **Exhibit 3** is a declaration from Mr. Muhic ("Muhic Decl.") attesting to the foregoing.

59. In total, Class Counsel and Plaintiffs' Counsel seek to recover for 2905.1 hours dedicated to the successful prosecution of this case with a corresponding lodestar of $2,344,376.00.

60. Without the Action, it is highly unlikely that individual claimants would have had the resources to pursue claims of this magnitude. Protecting the retirement funds of employees, and obtaining recompense when those funds are mismanaged, is in the public interest and supports the fee award sought.

61. As discussed in the accompanying Plaintiffs' Memorandum of Law in Support of Motion for Final Approval of Settlement Agreement and Fee memorandum, as a result of diligent

efforts and their skill and expertise, Class Counsel was able to achieve a rare victory at trial in an ERISA fiduciary breach case.

***Capozzi Adler's Hourly Rates Compare Favorably to Their Peers***

62. For its ERISA practice, Capozzi Adler charges partner rates of $850 to $990 per hour; mid-level and senior associate rates of $525-600 per hour; and paralegal and professional staff rates that range from $335 to $360 per hour. Professional staff and legal assistant rates are billed at $275 per hour. Peter Muhic's rates are $1025 per four. These hourly rates are commensurate with the skill, experience, and reputation of the individuals.

| Name | Position | Hourly Rate |
|---|---|---|
| Mark K. Gyandoh | Partner | $990.00 |
| Donald R. Reavey | Partner | $950.00 |
| Brandon Williams | Mid-Level Associate | $600.00 |
| Linda Gussler | Paralegal | $360.00 |
| Tim Williams | Paralegal | $335.00 |
| Jessica Murphy | Paralegal | $250.00 |
| James Maro | Partner | $975.00 |
| Guilia Conboy | Mid-Level Associate | $525.00 |
| James Wells | Partner | $850.00 |
| Raashira Ragland | Legal Secretary | $275.00 |
| Ashley Martinez | Paralegal | $325.00 |
| Peter A. Muhic | Co-counsel/Partner | $1025.00 |

63. Capozzi Adler's rates have been recently approved in several other cases. Most recently in the District of Massachusetts, similar rates were approved by the courts in *Monteiro v. Children's Hosp. Corp*. 22-cv-10069-JEK, Dkt. No. 109-1 (D. Mass., Aug, 2025) and *Norton v. Mass General Brigham Inc*. 22-cv-10045-MJJ, Dkt. No. 130 (D. Mass. July, 2025). *See* **Exhibits 4, 5**.

64. In the course of my over 20-year nationwide ERISA practice, I have worked with most if not all firms that have a national ERISA class action practice. In my experience, while there are invariably differences in rates between different firms – and even between rates for

lawyers within the same firm with the same number of years of practice – Capozzi Adler and Muhic Law's rates are broadly in line with rates of other firms with nationwide class action practices, that have been the basis for awards of fees in courts around the country.

65. Keller Rohrback L.L.P., a Washington State-based firm with a national ERISA practice, charged partner rates that ranged from $625 to $1,060; associate rates that ranged from $400 to $595; and professional staff rates that ranged from $241 to $365. *See* **Exhibit 6** (Excerpts of Keller Rohrback declaration).

66. Robbins Geller Rudman & Dowd LLP, a national ERISA practice, charged partner rates that ranged from $810 to $1,375; associate rates that ranged from $175 to $515; paralegal rates that ranged from $325 to $395; and professional staff rates that ranged from $175 to $400. *See* **Exhibit 7** (Excerpts of Robbins Geller declaration).

67. More recent filings show that Sanford Heisler Sharp, LLP, a national ERISA practice, charges partner rates that range from $1,000 to $1,400, associate rates that range from $500 to $900, and paralegal rates that range from $275 to $325. *See* **Exhibit 8** (Excerpts of Sanford Heisler declaration).

68. Cohen Milstein Sellers & Toll PLLC, a national ERISA practice with a Boston, Massachusetts office, charges attorney rates that range from $575 to $1,025, and paralegal rates that range from $290 to $335. *See* **Exhibit 9** (Excerpts of Cohen Milstein declaration).

69. Izard Kindall & Raabe LLP, a national ERISA practice, charges attorney rates of $700 to $975, and paralegal rates of $180. *See* **Exhibit 10** (Excerpts of Izard Kindall declaration).

70. Motley Rice LLC, a national ERISA practice, charges partner (or "member") rates that range from $970 to $1,315, associate rates that range from $525 to $680, and a paralegal rate of $380. *See* **Exhibit 11** (Excerpts of Motley Rice declaration).

71. Additionally, Capozzi Adler and Muhic Law's rates are lower than rates charged by the sophisticated firms that typically represent defendants in ERISA class actions.

72. In a recent filing in the case of *Phillips et al. v. CAES Systems, et al.*, 5:23-cv-03785-EKL, in which Capozzi Adler represent the plaintiffs, defense counsel Deborah S. Davidson, partner at the firm Morgan Lewis submitted a declaration in support of a motion for fees. *See* **Exhibit 12**. The declaration identifies her standard 2025 hourly rate at $1,350 and her 2026 rate at $1,495. *Id.* at ¶¶ 11, 16.

73. Thus, accounting for the yearly increase in rates and adjusting for inflation over the last several years, Capozzi Adler and Muhic Law's rates are comparable to other firms that practice complex ERISA actions.

74. Finally, Capozzi Adler and Muhic Law's rates have been explicitly or implicitly approved by numerous courts while granting requests for fees. *See, e.g., Perkins v. United Surgical Partners International, Inc.,* No. 3:21-cv-00973 (N.D. Tex. Oct. 30, 2025) (ECF No. 82); *Hawkins v. Cintas Corp*., No. 19-cv-1062, 2025 WL 523909, at *4 (S.D. Ohio Feb. 18, 2025); *Davis v. Magna Int'l of Am., Inc*., No. 20-cv-11060, 2025 WL 732300, at *2 (E.D. Mich. Jan. 27, 2025); *Diaz v. BTG Int'l, Inc.*, No. 19-cv-1664, 2021 WL 2414580 (E.D. Pa. June 14, 2021); *McCool v. AHS Management Company, Inc.*, No. 19-cv-01158 (M.D. Tenn. Aug., 21 2025) (ECF No. 179); *Brown v. MITRE Corp*., No. 22-cv-10976 (D. Mass. Feb. 20, 2025); *Pinnell v. Teva Pharmaceuticals USA, Inc.*, No. 2:19-cv-05738 (ECF No. 93) (E.D. Pa. June 11, 2021); *Gerken et al. v. Mantech Int'l.* No. 1:20-cv-01356 (ECF No. 41) (E.D. Va. May 21, 2021); *Harding et al. v. Southcoast Hosp. Group et al.*, No. 1:20-cv-12216 (ECF. No. 51) (D. Mass. April 25, 2022); *Kruchten et al. v. Ricoh USA, Inc. et al.*, No. 2:22-cv-00678 (ECF. No. 87) (E. D. Pa. Oct. 8, 2026).

***<u>Counsel's Experience</u>***

75. I received both my J.D. (2001) and LLM in trial advocacy (2011) from Temple University School of Law. While at Temple, I was the research editor for the Temple International and Comparative Law Journal. After law school I clerked for a year with the Hon. Dennis Braithwaite of the New Jersey State Appellate Court.

76. I have been litigating ERISA fiduciary breach lawsuits for 19 years, first at my prior Firm of Kessler Topaz Meltzer & Check, LLP (KTMC), and currently at Capozzi Adler where, as noted above, I am chair of the Fiduciary Practice Group. Over my career I have been actively involved in many high-profile ERISA class actions. For example, I was one of the lead attorneys for plaintiffs in *Fifth Third Bancorp, et al., v. Dudenhoeffer, et al.*, 573 U.S. 409, 134 S. Ct. 2459 (2014), a seminal Supreme Court decision that clarified the unwavering duties owed by fiduciaries to pension plan participants. *See* biography at https://capozziadler.com/mark-k-gyandoh-esquire/.

77. Another member of the Fiduciary Practice Group, James A. Wells, Partner, is an experienced litigator frequently handling multimillion-dollar disputes and is a 1998 graduate of Temple University School of Law. He has extensive experience litigating cases under ERISA, FLSA, FCA, and in state criminal law matters. *See* biography at https://capozziadler.com/james-a-wells-esquire/.

78. Peter Muhic, of Muhic Law, LLC, who is co-counsel in this matter, is an accomplished trial lawyer who has tried complex cases to verdict in federal and state courts throughout the country. He has extensive experience litigating cases under ERISA, FLSA, RICO, and products liability statutes, and has served as co-lead counsel numerous nationwide class action cases. *See* Muhic Decl.; https://muhiclaw.com/about.

79. Rounding out the ERISA team are our support staff which includes paralegals and other paraprofessionals who assist in the practice. Additionally, as litigation dictates, the ERISA team avails itself of the services of the other attorneys and staff at the firm.

80. Here and in analogous ERISA breach of fiduciary duty matters, Capozzi Adler was appointed class counsel. *See, e.g., Winkelman v. Whole Foods Market, Inc*., No. 1:23-cv-01352 (W.D. Tex. Dec. 17, 2024) (ECF No. 39); *McCool v. AHS Mgmt. Co., Inc.,* No. 19-cv-01158, 2023 WL 2729161 (M.D. Tenn. Mar. 30, 2023) (appointing Capozzi Adler as Class Counsel); *Sweet v. Advance Auto Stores Co., Inc*., No. 21-cv-549, 2023 WL 3959779 (W.D. Va. June 9, 2023); *Huang, v. TriNet HR III, Inc*., No. 20-cv-2293, 2022 WL 13631836 (M.D. FL. Oct. 21, 2022); *Stengl v. L3Harris Techs., Inc*., No. 22-cv-572, 2023 WL 11932263 (M.D. Fla. June 5, 2023); *Lucas, v. MGM Resorts International*, 20-cv-01750 (D. Nev. Oct. 20, 2022) (ECF 112); *Nunez, v. B. Braun Medical, Inc*., No. 20-cv-04195 (E.D. Pa. June 30, 2022) (ECF. 69); *Boley v. Universal Health Servs., Inc*., 337 F.R.D. 626 (E.D. Pa. 2021).

81. Additionally, Capozzi has been appointed interim lead or co-lead class counsel in several analogous ERISA breach of fiduciary duty matters. *See, e.g., In re Cigna ERISA Litig.,* No. 2:25-cv 02465 (E.D. Pa. Aug. 13, 2025) (ECF No. 19) (appointing Capozzi Adler interim Co-Lead Class Counsel); *Bilello, et al., v. Estee Lauder, Inc., et al.*, No. 1:20-cv-04770-JMF (S.D.N.Y. Aug. 10, 2020) (Doc. 11.) (appointing Capozzi Adler interim lead class counsel); *Covington et al. v. Biogen Inc. et al.*, No. 1:20-cv-11325 (D. Mass. Oct. 6, 2020) (Doc. 24) (appointing Capozzi Adler interim Co-Lead Class Counsel).

82. In the course of prosecuting ERISA class actions such as this, I have supervised the preparation of numerous consolidated pleadings, responses to motions to dismiss, drafting of

discovery requests and review of hundreds of thousands of pages of plan-related documents and related documentation, and litigated cases through the summary judgment and trial phases.

83. The firm strives to obtain the best results for class members in every circumstance. We have successfully defeated motions to dismiss similar allegations in numerous actions. *See, e.g., Ramseur v. Lifepoint Health, Inc*., No. 3:24-cv-00994, 2025 WL 2619151 (M.D. Tenn. Sept. 10, 2025); *Macias v. Sisters of Charity of Leavenworth Health Sys*., No. 23-cv-01496 (D. Colo. July 24, 2025) (ECF No. 67); *Stephen v. Trader Joe's Co*., No. 1:25-cv-10212 (D. Mass. July 22, 2025) (ECF No. 47); *Seibert v. Nokia of Am. Corp.,* No. 21-cv-20478, 2024 WL 2316551 (D.N.J. May 22, 2024); *Brown v. MITRE Corp.,* No. 22-cv-10976, 2023 WL 2383772 (D. Mass. Mar. 6, 2023); *Kendall v. Pharmaceutical Product Development, LLC*, No. 7:20-cv-00071, 2021 WL 1231415 (E.D.N.C. March 31, 2021) (upholding allegations that plan fiduciaries selected higher-priced identical share classes and overpaid for recordkeeping); *Stengl v. L3Harris Techs., Inc.*, No. 22-cv-572, 2023 WL 2633333 (M.D. Fla. Mar. 24, 2023); *Garnick v. Wake Forest Univ. Baptist Med. Ctr.,* 629 F. Supp. 3d 352 (M.D.N.C. 2022); *Parmer v. Land O'Lakes, Inc*., 518 F. Supp. 3d 1293 (D. Minn. 2021); *Davis v. Magna Int'l of America, Inc.*, No. 20-cv-11060, 2021 WL 1212579 (E.D. Mich. March 31, 2021) (same); *Jones v. Coca-Cola Consolidated, Inc.*, No. 20-cv-00654, 2021 WL 1226551 (W.D.N.C. March 31, 2021) (same); *McCool v. AHS Management Company, Inc.*, No. 19-cv-01158, 2021 WL 826756 (M.D. Tenn. March 4, 2021) (same); *In re Medstar ERISA Litig*., No. 20-cv-1984, 2021 WL 391701 (D. Md. Feb. 4, 2021) (same); *Silva v. Evonik Corp*., 2020 WL 12574912 (D.N.J. Dec. 30, 2020) (same); *Moore v. Humana, Inc.*, No. 21-cv-232, 2022 WL 20766504 (W.D. Ky. Dec. 2, 2022); *Pinnell v. Teva Pharmaceuticals USA, Inc.*, No. 19-cv-5738, 2020 WL 1531870 (E.D.Pa. Mar. 31, 2020); *Peterson v. Insurance Services*

*Office, Inc.*, No. 20-cv-13223, 2021 WL 1382168 (D.N.J. Apr. 13, 2021); *Rosenkrantz, v. Altru Health System*, 20-cv-168, 2021 WL 5868960 (Dec. 10, 2021).

84. We have also been successful at the appellate level resulting in the reversal and remand of wrongly dismissed actions. *See, e.g., Perkins v. United Surgical Partners Int'l, Inc.,* No. 23-cv-10375, 2024 WL 1574342 (5th Cir. Apr. 11, 2024) (reversing district court dismissal of ERISA excessive fee action); *Kruchten v. Ricoh USA, Inc.*, No. 23-cv-1928, 2024 WL 3518308 (3d Cir. July 24, 2024) (same); *Kong et al. v. Trader Joe's Co.,* No. 20-56415, 2022 WL 1125667 (9th Cir. Apr. 15, 2022) (same); *Davis v. Salesforce.com. Inc.*, No. 21-15867, 2022 WL 1055557 (9th Cir. Apr. 8, 2022) (similar). Conversely, we have successfully obtained affirmance of correctly decided cases. *See, e.g., Hawkins et al. v. Cintas Corp.*, No. 21-3156 (6th Cir. Apr. 27, 2022) (upholding denial of motion to compel arbitration in ERISA case); *Boley v. Universal Health Servs., Inc.*, 36 F.4th 124 (3d Cir. 2022) (upholding the grant of class certification).

85. My firm has also engaged in successful settlement negotiations and mediations in ERISA actions, recovering over a hundred million dollars for its clients and class members to date. *See, e.g., Perkins v. United Surgical Partners International, Inc.,* No. 3:21-cv-00973 (N.D. Tex. Oct. 30, 2025) (ECF No. 83) (recovered a $ 1,475,000 class settlement); *Brown v. MITRE Corp.*, No. 22-cv-10976 (D. Mass. Feb. 20, 2025) (ECF Nos. 113-114) (recovered a $3,400,000 class settlement); *Hawkins v. Cintas Corp.*, No. 19-cv-1062, 2024 WL 3982210 (S.D. Ohio Aug. 27, 2024) (same); *Peterson v. Insurance Services Office, Inc.*, No. 3:20-cv-13223 (D.N.J. May 22, 2024) (recovered $4,000,000.00 class settlement); *Garnick v. Wake Forest Univ. Baptist Med.* Ctr., 21-cv-00454 (M.D.N.C. July 2, 2024) (recovered $3,800,000.00 class settlement); *McNeilly v. Spectrum Health System*, No. 20-cv-00870 (W.D. Mich. 2023) (recovered $6,000,000.00 class settlement); *Buescher, v. Brenntag North America, Inc.,* No. 20-cv-00147 (E.D. Pa. 2020)

(recovered $2,300,000.00 class settlement); *Davis v. Magna Int'l of Am., Inc.,* No. 20-cv-11060, 2025 WL 66052, at *1 (E.D. Mich. Jan. 10, 2025) (recovered $2,900,00 settlement); *Pinnell v. Teva Pharmaceuticals USA, Inc.,* No. 19-cv-05738-MAK (E.D. Pa. 2019) (settlement in the amount of $2,550,000.00 after successful mediation); *Dean v. Cumulus Media, Inc*., No. 22-cv-04956 (N.D. Ga. 2023) (recovered $1,000,000.00 settlement); *Loomis v. Nextep, Inc.,* No.: 21-cv-00199 (W.D. Okla. 2023) (recovering $1,100,000.00); *Freck v. Cerner Corp*., No. 20-cv-00043 (W.D. Mo. 2020) (recovered $4,050,000.00 class settlement); *Gerken v. ManTech Int'l Corp.,* No. 20-cv-01536 (E.D. Va. 2020) (recovered $1,200,000.00 class settlement).

86. Capozzi Adler also has the resources and commitment to deploy those resources on behalf of the proposed class. With three office locations, the firm has been successfully serving clients for over 25 years, offering a full range of legal services.

87. To date, Class Counsel has leveraged their experience and resources to vigorously pursue recovery on behalf of the Plan and protect the interests of all Class Members, including by comprehensively investigating the claims forming the basis of the Action, filing detailed pleadings, briefing several motions, engaging in an extensive discovery process, reviewing documents, engaging experts, producing expert reports, and ultimately trying this case to verdict.

***Service Awards Sought for the Plaintiffs Are Reasonable***

88. Plaintiffs seek service awards of $10,000 for each of the five Class Representatives who were deposed, and $15,000 for Mr. Stephan and Mr. Bubniak who were both deposed and testified at trial.

89. Each of the Plaintiffs was instrumental in seeking relief on behalf of the Plan and they each have been actively involved in the litigation. These individuals took time away from other obligations in order to fulfill their obligations to the Class by: (1) engaging counsel,

providing documents and information prior to filing the Complaint and agreeing to publicly serve as Plaintiffs; (2) reviewing the Complaint prior to filing; (3) searching for and providing documents pursuant to Defendants' document requests; (4) responding to Defendants' interrogatories; (5) maintaining regular communication with counsel and reviewing all case-related documents sent by counsel to stay informed about the case; (6) participated in multiple calls with counsel to prepare for depositions; and (7) sat for several-hour long depositions.

90. Plaintiffs Stephan and Bubniak also spent substantial time meeting with counsel and reviewing documents to prepare for testifying at trial. Mr. Bubniak testified on May 5, 2026 remotely via a video call with the courtroom and Mr. Stephan testified in person on May 6, 2026 at the federal courthouse in Boston, Massachusetts.

91. Attached here as **Exhibit 13** is the Declaration of George Stray in Support Class Certification.

92. Attached here as **Exhibit 14** is the Declaration of Beau Stephan in Support Class Certification.

93. Attached here as **Exhibit 15** is the Declaration of Leonard Kirschling in Support Class Certification.

94. Attached here as **Exhibit 16** is the Declaration of Rhonda Habell in Support Class Certification.

95. Attached here as **Exhibit 17** is the Declaration of Cameron Bass in Support Class Certification.

96. Attached here as **Exhibit 18** is the Declaration of George Phiripes in Support Class Certification.

97. Attached here as **Exhibit 19** is the Declaration of Stephen Bubniak in Support Class Certification.

I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 10th day of November, 2026, at Merion Station, Pennsylvania.

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh