EXHIBIT 1

IGNITES

# Trader Joe's Ruling Raises Stakes for Recordkeeper Reviews

A judge's ruling in favor of plan participants who sued the grocery chain over recordkeeping fees could push plan sponsors to conduct more extensive RFP processes.

By Shira Moolten | October 2, 2026

Listen to this story

A judge's 74-page ruling Tuesday ordering **Trader Joe's** to pay $1.2 million over claims it mismanaged its 401(k) plan marks a rare outcome that could push plan sponsors to become much more fastidious about reviewing their recordkeepers, retirement attorneys say.

Trader Joe's employees sued the grocery chain in January 2025, arguing that the committee appointed by the company to oversee the plan breached its fiduciary duty under the Employee Retirement Income Security Act by failing to monitor the recordkeeping fees charged by **Capital Group**, improperly managing the plan's menu of investment options, and using forfeited 401(k) contributions to reduce the company's future contribution

The judge on Tuesday sided with the plan participants on the recordkeeping issue, but dropped the investment and forfeiture claims.

**Catalina Vergara**, a partner at law firm **O'Melveny & Myers**, represented Trader Joe's. She did not return a request for comment. **Peter Muhic**, an attorney with **Muhic Law,** one of the firms representing the plan participants, declined to comment.

Though hundreds of plan sponsors have been sued over the past decade for allegedly charging excessive fees, the Trader Joe's lawsuit was one of only a handful of cases to test such claims in a trial, which allowed the judge to consider a much more extensive swath of evidence about the company's conduct.

Most have resolved in favor of the company, according to **DeMario Carswell**, an attorney at **Miller & Chevalier**, who is not involved in the case.

"Trials really inform what's going to happen in other cases," said **Carl Engstrom**, partner at **Engstrom Lee**, who was not involved in the case.

Evidence brought forward at trial showed that Capital Group had spontaneously reduced its fees from $48 to $40 per participant in 2021 without negotiating with the committee appointed by Trader Joe's, according to the ruling, demonstrating that participants had the option of recordkeeping fees as low as at least $40 in prior years.

Young concluded that Trader Joe's owes plan participants over $1.1 million by calculating the difference between the $48 participants had been paying and the $40 reduction before adding interest. The plaintiffs had sought a far higher sum of over $9 million.

Trader Joe's 401(k) plan had $2.7 billion in assets across 42,594 participants as of 2021, the ruling says.

Trader Joe's argued that the fee reduction came as a result of a discussion between the company and recordkeeper,

The ruling also described how the failure by Trader Joe's to put out a request for proposals or a request for information for a recordkeeper is evidence of its breach of fiduciary duty.

"While conducting an RFP or an RFI would have strongly indicated that the committee engaged in a competitive process to engage a lower or more ideal recordkeeping fee, the lack of these processes along with the other prevailing circumstances — such as the lack of evidence of negotiations with the recordkeeper regarding its fees — is what is the nail in the defendants' coffin," Young wrote.

Though Erisa does not require companies to engage in an RFP or RFI for their recordkeepers, failing to do so can put plan sponsors at risk of a lawsuit — something that the judge's ruling has made abundantly clear, attorneys say.

"Under Erisa, there is a disconnect between recommended best practices, such as having an investment policy statement or fiduciary training, and what is mandated by the text of Erisa," **Marcia Wagner**, an attorney with **The Wagner Law Group**, said in an email. "RFPs and RFIs fall into the same category of best practices not mandated by Erisa. The district court faulted Trader Joe's for not

The judge's ruling may "put the scare in plan sponsors," said Carswell.

"There's no set time period, no direct requirement for [RFPs]," Carswell said. "You just have to make sure the plan is not paying more than an adequate amount for services being provided."

However, the judge's ruling made it clear that such due diligence could be considered in an excessive-fee case, he said.

The lawsuit is also the first such case to go to trial over forfeiture claims, which have surged since 2023, Erisa attorneys say. However, the judge's decision in favor of the defendants was in line with how similar lawsuits have fared outside the courtroom.

More than 60 lawsuits have been filed accusing plan sponsors of improperly using forfeited assets to reduce employer contributions. Most have resulted in pretrial dismissals.

A Seattle federal court judge dismissed forfeiture claims against **Amazon**'s $26.1 billion plan earlier this year on

IGNITES

In 2025, a Los Angeles federal court judge threw out a lawsuit alleging that **JPMorgan Chase** misused forfeited retirement plan assets after finding no evidence that the plan terms were actually breached.

Engstrom said the trial outcome further cements the weakness of many forfeiture claims — unless plan sponsors disclose they are required to use forfeited funds to offset participant expenses first, before covering their own contributions.

Send | Save | Text A A    Prev    Next

**Purchase a reprint:** click here or (212) 542-1265

## Feedback

Enter tips, feedback or comments

SUBMIT FEEDBACK

**October 2, 2026**

IGNITES

More Than Half of Model Issuers Look to Add Alts

Sonderling Confirmed as Labor Secretary

SEC Puts Out Meatier Exam Handbook

**Trader Joe's Ruling Raises Stakes for Recordkeeper Reviews**

Merrill Agrees to Pay $39M in Cash Sweep Rates Suit

**News Nuggets**

SEC: One Commissioner Makes a Quorum

Volatility Shares Shoots to Score 30 Basketball ETFs

Schroders Gets a Glimpse of the Nuveen Regime

Schwab Choosin' Texas for Secondary Stock Listing

**On FinancialTimes.com**

Global Bond Market Steadies After Sharp Sell-Off

## Most Popular

View Most Popular Content

The Bugs Are Back at Vanguard

SEC Moves for Performance Fees in Mutual Funds, ETFs

Leech, Franklin Dealt Blow in Investor Fraud Suit

Fidelity RIA Custody Minimum Could Shake Up Distro for Shops

Trader Joe's Ruling Raises Stakes for Recordkeeper Reviews

KLF KEHOE LAW FIRM, P.C.

Select Page

# Retirement Plan Recordkeeping Fees & ERISA Fiduciary Duties

**Sep 30, 2026** | KLF Blog

## Retirement Plan Fees: Are Your Recordkeeping Fees Too High?

Employees and participants in 401(k) and other employer-sponsored defined-contribution retirement plans may lose retirement savings when their plans pay unreasonable administrative or recordkeeping fees. Under ERISA, plan fiduciaries must act prudently and in the interests of plan participants when managing plan expenses.

### Why Retirement Plan Recordkeeping Fees Matter

Recordkeeping fees pay for services used to administer a retirement plan, such as maintaining participant accounts and records. Even relatively small differences in per-participant fees can become significant when a plan has thousands of participants. ***The central issue is not simply whether a fee appears high, but whether plan fiduciaries used a prudent process to monitor the fees and determine whether they were reasonable for the services provided.***

### Trader Joe's Decision: A Recent Example

**A September 28, 2026 federal court decision** involving the **Trader Joe's Company Retirement Plan** provides a recent example of the importance of monitoring retirement plan recordkeeping fees. Following a bench trial, U.S. District Judge William G. Young found in favor of the plan participants on their claims concerning recordkeeping fees, while ruling in favor of Trader Joe's on the other claims addressed in the decision.

The court found that the plan's recordkeeping fee was $48 per participant in 2019, later reduced to $40 effective April 1, 2021, and then to $38 effective July 1, 2024. The court also found there was no formal request for proposal (RFP), request for information (RFI), or other evidence of active

competitive testing of the market for an optimal recordkeeping fee.

Addressing the fiduciary process, the court stated: "The Committee in this case has provided no robust evidence indicating that it engaged in a process compliant with its fiduciary duties of prudence and loyalty, to ensure that the recordkeeping fees were adequately monitored and controlled."

The court concluded that the defendants breached their fiduciary duties concerning recordkeeping fees and caused losses to plan participants. It calculated **$715,264** in overpaid recordkeeping fees and awarded **$471,957** in prejudgment interest, for a total surcharge of **$1,187,221.**

## Cognizant 401(k) Plan Participants Seek Preliminary Approval of $2.8 Million ERISA Settlement

In *Milano et al. v. Cognizant Technology Solutions U.S. Corporation et al.*, Civil Action No. 2:20-cv-17793 (D.N.J.), participants in the **Cognizant Technology Solutions 401(k) Savings Plan (the "Plan")** have asked the U.S. District Court for the District of New Jersey to preliminarily approve a **$2.8 million** class action settlement.

According to the plaintiffs' September 29, 2026 memorandum in support of preliminary approval, the operative complaint alleges breaches of the fiduciary duty of prudence under the **Employee Retirement Income Security Act of 1974 ("ERISA").**

**The plaintiffs allege that the Plan fiduciaries: 1)** failed to objectively and adequately review the Plan's investment portfolio with due care to ensure that each investment option was prudent in terms of cost and/or performance; **2)** maintained certain funds in the Plan despite the availability of identical or similar investment options with lower costs and/or better performance histories; and **3)**

failed to control the Plan's recordkeeping and administrative costs.

The plaintiffs further state that one of their three general theories of liability is that the defendants' allegedly imprudent fee-monitoring process resulted in excessive **recordkeeping and administrative fees** for the Plan and its participants.

The proposed settlement provides for a **$2.8 million Gross Settlement Amount.** The proposed Settlement Class generally includes participants and beneficiaries of the Plan from December 2, 2014 through the date of the Preliminary Approval Order. The defendants deny all claims and deny that they engaged in any wrongful conduct.

## What Should Retirement Plan Participants Know?

The Trader Joe's decision and the allegations in the Cognizant litigation illustrate the importance of the fiduciary process used to monitor retirement plan recordkeeping and administrative expenses. A recordkeeping fee should not be evaluated based solely on its dollar amount. Relevant considerations may include the services provided to the plan, whether fiduciaries compared fees and services with available market information, whether they sought competitive information or bids, and whether they negotiated or otherwise monitored the fees paid by the plan.

Retirement plan participants who are concerned about recordkeeping or administrative expenses may want to review their plan disclosures and other available information concerning the fees charged to their accounts and the services provided to the plan.

## Retirement Plan Participants with Questions: Contact Kehoe Law Firm

**If you participate or participated in an employer-sponsored 401(k) or other defined-contribution plan and are concerned that excessive administrative or**

**recordkeeping fees reduced your retirement savings,** you are encouraged to **send us a message** to learn more about your potential legal rights.

**For a free, no-obligation legal evaluation:**

**Michael Yarnoff, Esq.**
(215) 792-6676, Ext. 804
myarnoff@kehoelawfirm.com
info@kehoelawfirm.com

## About Kehoe Law Firm, P.C.

**Kehoe Law Firm, P.C.** is a nationally recognized, plaintiff-side class action law firm representing investors, consumers, and employees in matters involving securities fraud, corporate misconduct, mergers and acquisitions, antitrust violations, whistleblower claims, data breaches, consumer fraud, employment law violations, and ERISA and retirement plan litigation. Its attorneys have served as lead or co-lead counsel in major securities cases, recovering more than $10 billion for institutional and individual investors.

***Kehoe Law Firm's class action legal services are provided on a contingency-fee basis, meaning plaintiffs are not responsible for attorneys' fees or litigation expenses. Any request for attorneys' fees and expenses will be subject to court approval.***

# SEND US A MESSAGE

First Name *

Last Name *

Email Address *

Phone *

Message *

Submit

# Contact Us

# ADDRESS

Kehoe Law Firm, P.C.
2001 Market Street
Suite 2500
Philadelphia, PA 19103

# PHONE

Tel: 215-792-6676

# EMAIL

info@kehoelawfirm.com

© 2026 by Kehoe Law Firm, P.C. All Rights Reserved
Attorney Advertising
**Legal / Privacy Policy**

COMPLIANCE | October 8, 2026

# Trader Joe's Loses Duty to Monitor 'Excessive' Fees Count, but Prevails on Forfeiture, Investment Performance Claims

The grocery chain was ordered to pay $1.2 million out of the more than $9 million former employees sought.

*Reported by* EMILY BOYLE

---

A federal judge in Massachusetts ruled on September 28 that Trader Joe's Co. is not liable for claims it improperly used forfeited participant 401(k) funds and that it offered poorly performing investments in the retirement plan, but found it liable for having failed to monitor "grossly excessive" recordkeeping fees.

U.S. District Judge William Young ordered the grocery retailer to pay plaintiff participants nearly $1.2 million in damages to make up the difference between the $48 each participant had been paying for Capital Group's recordkeeping services and the amount plan fiduciaries could have negotiated based on the size of the plan. The plaintiffs originally sought more than $9 million in combined damages on all claims.

***For more stories like this, sign up for the PLANSPONSOR NEWSDash daily newsletter. →***

Young wrote in his opinion that the failure of Trader Joe's to put out a request for proposals or request for information for a recordkeeper was evidence of its breach of fiduciary duty as a plan sponsor under the Employee Retirement Income Security Act.

"While conducting an RFP or an RFI would have strongly indicated that the committee engaged in a competitive process to engage a lower or more ideal recordkeeping fee, the lack of these processes along with the other prevailing circumstances—such as the lack of evidence of negotiations with the recordkeeper regarding its fees—is what is the nail in the defendants' coffin," Young wrote.

Andrew Oringer, an ERISA attorney and head of the Wagner Law Group's New York office who was not involved in the case, warned of the case's potential implications for plan sponsors in an emailed response to questions.

"The case could be troubling to plan sponsors and fiduciaries, because it does not seem that the sponsor and the fiduciaries had their eyes off the ball completely," Oringer wrote. "There was evidence of a market check, albeit a 'soft' one. ... But the court held that the efforts just were not enough."

## Case Background

In January 2025, six former Trader Joe's employees filed a complaint in U.S. District Court for the District of Massachusetts, claiming their 401(k) plan was overinvested in one fund with excessive fees and that the company mismanaged forfeited funds. The employees filed a class action suit on behalf of themselves and all participants and beneficiaries with account balances between January 28, 2019, and the date of judgment.

The plan had more than $2.7 billion in assets under management across 48,631 accounts with balances at the end of the 2025 plan year, according to the plan's Form 5500..

According to the complaint in *Stephen et al. v. Trader Joe's Co. et al.,* approximately 70% of plan assets—nearly $2 billion—were invested in one fund—the American Funds American Balanced Fund R4—in 2019 and 2020. Starting in 2021, the assets were transferred to the Capital Group American Balanced Trust, a collective investment trust.

The plaintiffs alleged that the CIT version of the fund had lower fees and that the plan's fiduciaries should have replaced the R4 share class, which "saddled the participants with needlessly high fees," with the CIT sooner. The former employees also argued that the failure of Trader Joe's to "include a target-date suite in the plan" was imprudent.

In addition, Trader Joe's was accused of using millions of dollars in plan assets, obtained from participants' forfeited funds, to reduce some of its future company contributions instead of reducing or eliminating some of the "excessive" recordkeeping fees.

## A 'Sobering' Effect on Sponsors, Fiduciaries

Wagner's Oringer wrote that the case presented what has become a "common understanding" that total fees—not just the direct fees paid by the plan—could be the subject of legitimate negotiation. He said the Department of Labor's disclosure rules, including a regulation that requires a "covered service provider" to provide the plan fiduciary with certain disclosures concerning fees and services it provides, were designed to make the situation more transparent.

The outcome of the case shows the possible need, however—especially in the case of large plans—to explore "robust" fee analysis and review procedures, according to Oringer. He cited the court's "perfunctory ruling" that Trader Joe's and its board of directors failed to adequately monitor even its own investment committee, is an example to illustrate his point.

The case had not been appealed, as of October 8. Even if there is an appeal, the loss at the district level could be "sobering" to plan sponsors and fiduciaries, Oringer wrote.

The case is one of dozens filed in recent years challenging employers' use of 401(k) forfeitures. Federal courts have dismissed similar forfeiture complaints against companies including AT&T, Home Depot and JPMorganChase. The Department of Labor has submitted five amicus briefs supporting employers in forfeiture litigation.

Plaintiffs filed 48 plan forfeiture complaints in 2025, according to Encore Fiduciary, up from 29 in 2024.

Neither Muhic Law LLC nor Capozzi Adler PC, which represented the plaintiffs, responded to a request for comment. O'Melveny and Myers, which represented Trader Joe's, also did not respond to a request for comment.

---

**Tags** ERISA Litigation, excessive fees, retirement plan forfeitures, underperforming funds

**Reported by** Emily Boyle

# Trader Joe's Ordered to Pay Retirement Plan



A federal judge ruled that the company violated federal retirement law by failing to manage 401(k) fees.

*Updated on Sept. 28, 2026 in Retirement Planning*



A federal judge ordered Trader Joe's to pay $715,264 to retirement plan participants after finding the company failed to properly monitor service fees. *AI Illustration.* ***Upload story photo >***

**Should employers be held legally liable for high administrative fees in employee retirement plans?**

▲ Yes ▼ No

Judge William G. Young ordered Trader Joe's to pay $715,264 to retirement plan participants after finding the company failed to follow proper monitoring processes. The court determined the firm did not sufficiently solicit bids or negotiate fee reductions for recordkeeping services.

## Why it matters

The ruling highlights the legal necessity for companies to actively monitor and negotiate service provider fees under the Employee Retirement Income Security Act. Failing to follow these standard protocols can lead to significant financial liability for plan sponsors.

> The court awarded $715,264 to participants, a portion of the $1.2 million total claim initially filed. The judgment specifically addressed imprudent management of recordkeeping service costs.

## The players

**William G. Young**
He is a judge in the District of Massachusetts who presided over the case against Trader Joe's.

**Trader Joe's**
This national grocery chain was the defendant in a lawsuit concerning its management of employee retirement plan fees.

## The details

Judge William G. Young ruled that Trader Joe's violated the Employee Retirement Income Security Act by neglecting to solicit competitive bids or negotiate fee reductions for retirement plan services. While the court found these processes imprudent, it cleared the company of allegations regarding the mishandling of 401(k) forfeitures or poor fund selection.

Monday, September 28, 2026: Judge Young issued the ruling.

## Market Dynamics

This judgment aligns with an increasing trend of litigation regarding the fiduciary duties mandated by the Employee Retirement Income Security Act. It underscores the broader shift toward stricter oversight of corporate 401(k) management and service provider transparency.

> Retirement plan participants may see changes in how their employers solicit and negotiate recordkeeping fees to ensure compliance. Investors should review their own plan disclosures to understand the fee structures currently impacting their individual retirement portfolios.

## The takeaway

Companies must proactively document their efforts to control administrative fees to avoid violating fiduciary duties. Employees should periodically verify that their retirement plan fees are reasonable by reviewing annual statements and plan disclosures.

## Further reading

For more on managing long-term savings and fiduciary standards, visit Retirement Planning.

Live Poll

**Should employers be held legally liable for high administrative fees in employee retirement plans?**

▲ Yes ▼ No

Upload story photo ↗

Update this story ↗

Submit a new story ↗

## TODAY'S POLLS

Openings & Closings

**Should Fort Collins allow denser downtown housing even if it means less parking?**

▲ Yes ▼ No

Healthcare

**Do you trust insurance brokers to recommend Medicare plans that truly fit your needs?**

▲ Yes ▼ No

Electric Vehicles

**Would battery reliability make you more likely to buy an electric vehicle?**

▲ Yes ▼ No

International Trade

**Should European government-backed banks keep lending large sums to companies like Airbus?**

▲ Yes ▼ No

## TRENDING POLLS



Elections

**Do you think the country is headed in the right direction?**

▲ Yes ▼ No



Elections

**Are everyday costs getting better or worse for your household?**

▲ Yes ▼ No



Elections

**Should the U.S. spend less on its military?**

▲ Yes ▼ No



Immigration

**Do you think the government's deportation campaign has gone too far?**

## U.S. TOP STORIES



Football Nov. 9

**Johnson Returns Mayfield Pick 67 Yards for Score**



Cancer Nov. 9

**Biden Shares Cancer Update Ahead of Memoir**




Military Nov. 9

**Rubio Defends Strikes on Iran as Defensive**

---

## WORLD TOP STORIES



Soccer Nov. 9

**Barcelona Beats Atlético Madrid 2-1 in La Liga**



International Relations Nov. 9

**Rubio Reports Progress on Ukraine Security Framework**



Artificial Intelligence Nov. 9

**Samsung Tests Galaxy AI Premium Subscription**

wisevoter
*We Research. You Decide.*

Wisevoter — the voice of our community.


## ABOUT

Wisevoter

## CATEGORIES

Automotive
Business
Crime
Economics
Entertainment
Finance
Health
Lifestyle
Politics
Science
Sports
Tech
Travel
Weather and Disaster

## EDITIONS

World
*Popular Cities:*
New York City
U.S.
*States:*
California

## CONTACT

Update a story
Correct a story
Submit story photos

| | | |
|---|---|---|
| Los Angeles | Texas | Submit new story |
| Brooklyn | New York | |
| Chicago | Florida | |
| Queens | Pennsylvania | |
| Houston | Illinois | |
| Phoenix | Ohio | |

**Copyright © 2026 Wisevoter** | Your Privacy Choices | Privacy Policy | Terms of Use