EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRE BEACH, *et al.*, individually and on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Civil Action 1:17-CV-00563-JMF |
| v. | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, JPMORGAN CHASE & COMPANY, *et al.*, | |
| Defendants. | |

**DECLARATION OF EVAN J. KAUFMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

I, EVAN J. KAUFMAN, hereby submit this Declaration in support of Plaintiffs' Motion for Attorneys' Fees and Expenses in *Beach v. JPMorgan Chase Bank, N.A., et al.*, 1:17-CV-00563-JMF (S.D.N.Y.) (the "Action").

**Professional Overview**

1. I am a member of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"). My firm is one of Plaintiffs' Counsel in the Action.

2. I am currently licensed in good standing to practice law in the State of New York and have also been admitted to practice in several federal district courts and appellate courts across the country. I am in good standing in every jurisdiction in which I am admitted to practice. A list of jurisdictions and courts in which I am admitted is set forth below:



4835-6441-9268.v2

- *The Bd. of Tr. of the City of Birmingham Emps.' Ret. Sys. v. Comerica Bank*, No. 2:09-cv-13201-SJM (E.D. Mich.) ($11 million recovery).

**Firm Overview**

6. Robbins Geller is one of the world's leading complex litigation firms representing plaintiffs in securities litigation, antitrust, ERISA, corporate mergers and acquisitions, consumer and insurance fraud, multi-district litigation, and whistleblower protection cases. With 200 lawyers in nine offices, Robbins Geller has obtained many of the largest securities, antitrust, and consumer class action recoveries in history, recovering tens of billions of dollars for victims of fraud and corporate wrongdoing. Robbins Geller attorneys are consistently recognized by courts, professional organizations and the media as leading lawyers in their fields of practice.

7. A copy of Robbins Geller's firm resume is attached hereto as **Exhibit A**.

**Work Performed by Robbins Geller**

8. As a result of my firm's experience in litigating ERISA and other class action cases, we were able to efficiently and effectively prosecute this Action along with the other Plaintiffs' Counsel and at the direction of Class Counsel.

9. Robbins Geller has dedicated 1,016.90 hours of time to this case. Robbins Geller was involved throughout this Action. Among other things, we: (i) reviewed and analyzed the Plan and Plan documents, as well as the investment performance of each Plan option relative to investment benchmarks and investment alternatives; (ii) researched the applicable law with respect to the claims asserted in the Action and the potential defenses thereto; (iii) researched, analyzed, and ultimately drafted the allegations contained in Plaintiff Ferdinand Orellana's class action complaint; (iv) assisted Class Counsel with the drafting of Plaintiffs' consolidated amended complaint and second amended complaint; and (v) assisted with the drafting of Plaintiffs' oppositions to Defendants' motions to dismiss. We were involved with class certification, by among other things: (i) reviewing



4835-6441-9268.v2

and producing documents on behalf of Plaintiff Orellana; (ii) preparing Plaintiff Orellana for and defending his deposition; and (iii) assisting Class Counsel with the class certification papers. We were involved with other aspects of the case, including: (i) preparing for and taking the deposition of one of Defendants' experts; (ii) drafting an opposition to Defendants' motion to preclude the testimony of Plaintiffs' damages expert, Cynthia Jones; (iii) assisting with the opposition to Defendants' motion for summary judgment and Plaintiffs' motion for summary judgment; and (iv) assisting with various aspects of settlement negotiations.

10. The work summarized above required the efforts of numerous attorneys and professional staff. As reflected by this summary and detailed below, eight attorneys have expended 857.40 hours pursuing this matter through the date of this Declaration, and 13 professional staff (including paralegals, investigators, and other professional staff) have expended an additional 159.50 hours, for a total of 1,016.90 hours.

11. The hourly rates for these attorneys, paralegals and other professional staff, as set forth below, are their standard rates. These hourly rates are the same as, or comparable to, rates submitted by my firm and accepted by courts in other complex class actions for purposes of "cross-checking" lodestar against a proposed fee based on the percentage of the fund method, as well as determining a reasonable fee under the lodestar method. The hourly rates shown below are the usual and customary rates used for each individual in all of our cases. A breakdown of the lodestar is as follows:

| NAME | | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Cochran, Brian E. | (P) | 61.60 | 760 | $ 46,816.00 |
| Kaufman, Evan J. | (P) | 197.50 | 995 | 196,512.50 |
| Rudman, Samuel | (P) | 6.70 | 1,325 | 8,877.50 |
| Dolan, Carissa J. | (A) | 55.00 | 520 | 28,600.00 |
| Mamorsky, Jordan D. | (A) | 112.30 | 575 | 64,572.50 |
| Merenda, Philip T. | (A) | 95.20 | 425 | 40,460.00 |
| Schwartz, Andrew L. | (A) | 91.00 | 460 | 41,860.00 |
| Karam, Francis P. | (OC) | 238.10 | 1,175 | 279,767.50 |
| Wilhelmy, David E. | (RA) | 2.35 | 295 | 693.25 |
| Brandon, Kelley T. | (I) | 11.50 | 290 | 3,335.00 |
| McDonald, Andrew A. | (I) | 3.50 | 290 | 1,015.00 |
| Paralegals | | 84.10 | 275-350 | 26,265.00 |
| Document Clerk | | 56.75 | 150 | 8,512.50 |
| Shareholder Relations | | 1.30 | 100 | 130.00 |
| ***TOTAL*** | | ***1,016.90*** | | ***$ 747,416.75*** |

(P) Partner
(A) Associate
(OC) Of Counsel
(RA) Research Analyst
(I) Investigator

12. In my professional opinion, and based on my personal knowledge of the work that was performed and the requirements of this case and similar cases, the time expended on this Action by my firm was reasonable and necessary.[1] Throughout this Action, Class Counsel allocated work to maximize efficiency, assigning tasks based on a number of considerations and with the goal of vigorously prosecuting the case, while also minimizing duplication of effort, thereby minimizing fees in the case.

13. The time entries above do not include future time spent on this case to, among other things, communicate with Class Members, respond to any objections to the Settlement, monitor

[1] Details supporting the time records referenced in this Declaration are available upon the request of the Court.

Defendants' compliance with the Settlement, and take other actions necessary to support the Settlement until the conclusion of the Settlement Period.

**Robbins Geller's Expenses and Charges**

14. In connection with the prosecution of this Action, Robbins Geller also expended $87,955.53 in expenses and charges from inception through and including the date of this Declaration. These expenses and charges were made on behalf of the Class by my firm and, because my firm handled this Action on a contingent basis, have not yet been compensated.

15. These expenses and charges are detailed below:

| *CATEGORY* | *AMOUNT* |
|---|---|
| Filing, Witness and Other Fees | $ 4,466.00 |
| Transportation, Hotels & Meals | 2,136.98 |
| Telephone | 5.63 |
| Postage | 19.34 |
| Messenger, Overnight Delivery | 119.42 |
| Court Hearing and Deposition Reporting, and Transcripts | 2,637.00 |
| Consultant (ERISA Benefits Consulting, Inc.) | 1,600.00 |
| In-House Black and White Photocopies (18 copies at $0.15 per page) | 2.70 |
| Online Legal and Financial Research | 1,752.30 |
| Litigation Fund Contribution | 75,000.00 |
| Publication/Subscriptions | 216.16 |
| ***TOTAL*** | ***$ 87,955.53*** |